[S. F. No. 2649.    In Bank. — August 31, 1901.]

## THE COMMERCIAL AND SAVINGS BANK OF SAN JOSÉ, Respondent, v. JOHN A. HORNBERGER et al., Appellants.

PLEDGE OF LIFE INSURANCE POLICY — FORECLOSURE BY PLEDGEE — APPEAL BOND — STAY OF EXECUTION — SUPERSEDEAS. — Upon appeal from a judgment in favor of a pledgee of a life insurance policy foreclosing the lien of the pledge, the ordinary bond upon appeal in the sum of three hundred dollars is sufficient to stay execution; and a *supersedeas* will issue to prevent a sale of the policy under the decree, pending the appeal.

ID. — DANGER OF LOSS OF POLICY — NATURE OF SECURITY — KNOWLEDGE OF PLEDGEE. — The danger of the loss of the policy, pending the appeal, by a violation of its terms by the insured, cannot operate to change the statutory rule governing a stay of proceedings upon appeal. Such danger is inherent in the nature of the security, and the pledgee, by accepting it, is chargeable with knowledge of its condition.

APPLICATION for *supersedeas* to prevent a sale under execution, pending an appeal from a judgment of the Superior Court of the City and County of San Francisco.    William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Joseph Hutchinson, for Appellants.

Jackson Hatch, for Respondent.

HENSHAW, J. — Defendant Hornberger had pledged to the plaintiff bank a policy of life insurance as security for his indebtedness to that corporation.    In an action upon that indebtedness the bank recovered judgment.    Question having arisen as to the interest of Hornberger's wife in the policy of life insurance, the bank brought its action, seeking to foreclose the lien of its pledge and to sell the policy of insurance.    It obtained judgment as prayed for, and from that judgment the defendants have appealed to this court.    Their appeal was accompanied by the statutory three-hundred-dollar bond, and they have applied for a writ of *supersedeas* to prevent the threatened sale of the policy.

That the three-hundred-dollar bond stays execution of the judgment in this action is settled in the case of *Owen* v. *Pomona Land and Water Co.*, 124 Cal. 331.   (See also *Snow* v. *Holmes*, 64 Cal. 232.)   The hardship to respondent, pointed out in argument, to the effect that its security may be wholly lost by the insured Hornberger violating the terms of the policy, cannot operate to change this statutory rule.   The weakness or insecurity of the pledged property is inherent in its very nature, and the bank, in accepting it, was chargeable with knowledge of its condition.

Let the writ of *supersedeas* issue as prayed for.

McFarland, J., Harrison, J., Garoutte, J., Van Dyke, J., and Beatty, C. J., concurred.