[L. A. No. 335.    In Bank.—January 20, 1897.]

C. S. WILLIAMS, APPELLANT, *v.* H. L. BORGWARDT, JR., RESPONDENT.

APPEAL—BOND TO STAY EXECUTION—FAILURE OF SURETIES TO JUSTIFY—FILING OF BOND IN APPELLATE COURT — SUPERSEDEAS—SHOWING OF EXCUSABLE NEGLECT.—The appellate court has inherent power to make an order to operate as a *supersedeas* upon condition that a good bond to stay execution is filed therein; but it will not exercise such power where a stay bond has been filed in the court below, and the sureties thereon have failed to justify, when excepted to, if there is no showing of accident, surprise, inadvertence, or excusable neglect in the failure of the sureties to justify, or of the appellant to procure other sureties; and the mere fact that the sureties were absent from the county is not a sufficient excuse, where it is not shown that they were notified or requested to attend, or that they were absent without the consent of the appellant, or that any effort was made to secure their attendance or to procure other sureties.

APPLICATION for leave to file a stay bond in the Supreme Court, upon an appeal from a judgment of the Superior Court of Kern County and from an order denying a new trial.    A. R. CONKLIN, Judge.

The facts are stated in the opinion of the court.

*B. Brundage,* for Appellant.

*E. Rousseau,* for Respondent.

THE COURT.—This is an application for leave to file a stay bond in this court under the rule of practice es-

tablished in *Hill* v. *Finnigan,* 54 Cal. 493. Since the decision of that case the inherent power of this court to make an order to operate as a *supersedeas,* upon condition that a good bond shall be filed here, has not been questioned, and frequently such orders have been made. But they have not been made, and they ought not to be made, in the absence of any excuse for the failure to give the undertaking or to justify the sureties in the manner and at the time prescribed and intended by the statute.

In this case an undertaking was filed in due time, the sureties were objected to and notice given that they would justify on a day named. The respondent attended at the time and place named in the notice of justification, but the appellant and the sureties failed to attend. The only excuse offered for such failure is that the sureties, being absent from the county, were unable to attend. It is not shown that they were notified or requested to attend, or that they were absent without the consent of the appellant, or that any effort was made to secure their attendance or to procure other sureties.

In short, there is nothing to show either accident, surprise, inadvertence, or excusable neglect, and for this court to extend the relief asked would be equivalent to making a rule that the appellant may always neglect to follow the procedure prescribed by the statute, secure that upon his mere request this court will issue its *supersedeas* upon the filing of a bond to be approved by us. We do not think such practice should be sanctioned or encouraged. It would necessarily involve greater expense and inconvenience to respondents, and would seriously encroach upon the time of this court.

Application denied.