[S. F. No. 799.    In Bank.—February 23, 1897.]

JOHN W. TOMPKINS et al., Respondents, *v.* GEORGE S. MONTGOMERY, Appellant.

Appeal—Failure to File Transcript—Dismissal.—Where no transcript has been filed upon appeal from a judgment within the time limited by the rule, or at the time when notice of motion to dismiss the appeal on that ground was served, the respondent is entitled to have the motion granted.

Id.—Appeal from New Trial Order—Amendment of Motion to Dismiss—Transcript on File.—When a motion to dismiss an appeal from a judgment is amended so as to include an appeal from an order denying a new trial, the motion to dismiss the appeal from the order cannot be regarded as having been made until notice is given of the amendment to the motion, and if the transcript is filed on that day, and the respondent does not show that his notice was given prior to its filing, it is a sufficient answer to the latter motion.

Id.—Defective Transcript — Prior Notice of Appeal—Suggestion of Diminution of Record—Correction.—Where the transcript on file purports to contain a record of all the proceedings of the superior court sought to be reviewed, it is sufficient to prevent a dismissal of the appeal, and if it is defective in not setting forth a notice of appeal prior to the one set forth in the transcript, the defect is to be corrected upon suggestion of diminution of the record, upon notice to the appellant, who is allowed until the hearing of the cause to present the additional record.

Id.—Notice of Appeal — Undertaking — Failure of Sureties to Justify—Second Appeal.—The failure of the sureties to justify upon the three hundred dollars undertaking on appeal from the judgment does

not render the appeal ineffectual, or take from this court the jurisdiction of the cause, and while an appeal is pending upon one notice and undertaking, a second appeal is unauthorized.

ID.—STAY OF EXECUTION—UNDERTAKING IN APPELLATE COURT—APPEAL FROM NEW TRIAL ORDER—DISMISSAL OF APPEAL FROM JUDGMENT.— An appellant is not precluded from applying to the appellate court for leave to file an undertaking to stay execution of the judgment, by reason of the failure of the sureties to justify before the county clerk; nor is the right of the appellant to have the execution stayed pending an appeal from an order denying a new trial impaired by the fact that the appeal from the judgment has been dismissed.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. A. L. FRICK, Judge.

The facts are stated in the opinion of the court.

*E. M. Gibson,* and *Welles Whitmore,* for Appellant.

*A. A. Moore,* for Respondents.

HARRISON, J.—The defendant served and filed a notice of appeal from the judgment and from the order denying a new trial, December 3, 1896, and on December 5th filed an undertaking on appeal in the sum of three hundred dollars, and also an undertaking to stay execution upon the judgment. The plaintiffs excepted to the sufficiency of the sureties, and, on December 18th, upon notice that they would justify on that day before the county clerk, the sureties appeared, and, after examination, failed to justify, and were rejected by the clerk. December 21st the defendant served upon the plaintiffs and filed with the county clerk another notice of appeal from the judgment and from the order denying a new trial, and on the 23d of December filed a sufficient undertaking on appeal in due form of law. January 18th the respondents gave notice of a motion to dismiss the appeal from the judgment on the ground that no transcript of the record on appeal had been filed in this court. January 20th the, appellant filed with the clerk of this court a transcript containing the judgment-roll,

statement on motion for a new trial, order denying a new trial, and a copy of the notice of appeal which was filed December 21st. On the same day the respondents gave notice to the appellant that they amended their notice of motion to dismiss the appeal by including therein a motion to dismiss the appeal from the order denying a new trial. February 4th the respondents gave notice of a motion to dismiss the appeals taken December 21st, upon the ground that at the time said notice of appeal was served and filed an appeal from the judgment and order was pending in this court and undetermined. February 6th the appellant made application for leave by this court to file an undertaking sufficient to stay execution upon the judgment appealed from. The several motions and applications have been heard and submitted together.

1. At the time the notice of the motion to dismiss the appeal from the judgment was served upon the appellant there had been no transcript filed in this court, and under the provisions of rule V the respondents are entitled to have this motion granted.

2. The motion to dismiss the appeal from the order denying a new trial cannot be regarded as having been given until the notice by the respondents of their amendment to their motion, and, as the transcript was filed on that day and the respondent has not shown that his notice was given prior to its filing (*Hoyt* v. *San Francisco etc. R. R. Co.*, 87 Cal. 610), it must, under the same rule, be considered "a sufficient answer to the motion." It is contended by the respondent that, as the only notice of appeal which is contained in the transcript is that which was given December 21st, the transcript so filed cannot be regarded as an answer to the motion to dismiss the appeal which was taken December 3d. The transcript, however, purports to contain a record of all the proceedings of the superior court which is sought to be reviewed on the appeal, and is therefore sufficient to avoid a dismissal under rule V. (*Hill* v. *Finnegan*, 54 Cal. 311; *Paige* v. *Roeding*, 89 Cal. 69;

*Woodside* v. *Hewel*, 107 Cal. 141.)  The most that can be claimed by the respondents is that there was a defect in the transcript which could be cured under rule XIV upon a suggestion of a diminution of the record, and by rule XV any technical objection to the record in civil cases, which might be so corrected, must be notified to the appellant, who is allowed until the hearing of the cause in which to present the additional record.  (*Woodside* v. *Hewel, supra.*)

3. The notice of appeal which was served and filed on the 21st of December was unauthorized.  At that time the appeal which was taken December 3d was pending in this court, and there was no judgment or order pending in the superior court from which an appeal could be taken.  The failure of the sureties to justify upon the three hundred dollars undertaking did not render the appeal ineffectual or take from this court the jurisdiction of the cause which was given by the appeal of December 3d.  (*Schacht* v. *Odell*, 52 Cal. 449; *Hill* v. *Finnegan, supra; Brown* v. *Plummer*, 70 Cal. 337.)

4. The appellant is not precluded from applying to this court for leave to file an undertaking to stay execution of the judgment by reason of the failure of the sureties upon the former appeal to justify before the county clerk.  A similar question was presented in *Hill* v. *Finnegan, supra*, and it was held that an undertaking to stay execution may be filed after an appeal has been taken, but that, as the code contemplates but one proceeding in the court below for that purpose, if the appellant has been unable to secure such stay by reason of the failure of his sureties to justify, this court has authority to permit such undertaking to be filed after an appeal has been taken.  The right of the appellant to have the execution stayed pending the appeal from the order denying a new trial is not impaired by the fact that the appeal from the judgment is dismissed. (*Fulton* v. *Hanna*, 40 Cal. 278.)

The appeals taken December 21, 1896, and also the appeal from the judgment taken December 3d, are dis-

missed. The motion to dismiss the appeal from the order denying a new trial is denied. The application of the appellant for leave to file an undertaking to stay execution upon the judgment is granted, and upon the sureties in such undertaking justifying before the chief justice of this court, upon notice to the respondents, the said undertaking may be filed, and thereupon the execution of the judgment shall be stayed until the determination of the appeal.

BEATTY, C. J., GAROUTTE, J., VAN FLEET, J., MC-FARLAND, J., HENSHAW, J., and TEMPLE, J., concurred.