[L. A. No. 637. In Bank.—April 27, 1899.]

JOHN A. OWEN, Respondent, v. POMONA LAND AND WATER COMPANY, Appellant.

APPEAL—ORDER DENYING NEW TRIAL—STAY OF PROCEEDINGS.—Proceedings to enforce a judgment are stayed by a sufficient undertaking given on appeal from an order denying a new trial, with the same effect as a like undertaking given upon appeal from the judgment.

ID.—SUFFICIENCY OF UNDERTAKING—FORECLOSURE OF LIEN OF PURCHASER—RESCISSION OF CONTRACT OF SALE.—Upon appeal from an order denying a new trial in an action by a purchaser in possession, to enforce rescission of the contract of sale of land and water stock, and to recover the moneys paid thereunder, including the value of his improvements, where the decree annulled the contract, and adjudged the total sum expended to be a lien upon the property purchased, which was ordered sold to satisfy the lien, and the judgment was ordered to be docketed for any unpaid balance, the case is not covered by any provision of the statute for an additional stay bond, and the ordinary undertaking on appeal in the sum of three hundred dollars is sufficient to stay proceedings upon the judgment.

ID.—SUPERSEDEAS—ORDER SETTING ASIDE SALE AND QUASHING EXECUTION.—Where the respondent takes out an order of sale and sells the property, pending such appeal, and becomes the purchaser thereof, the appellate court, upon motion of the appellant, will order the sale set aside, and the execution quashed.

MOTION in the Supreme Court to vacate and set aside a sale, and to quash an execution issued, pending an appeal from an order of the Superior Court of San Bernardino County, denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Allen P. Nichols, and John S. Chapman, for Appellant.

John A. Owen, and Otis & Gregg, for Respondent.

BEATTY, C. J.—This is an action by the vendee against his vendor to recover moneys paid in pursuance of a contract for the sale of land and certain shares of water stock, and for damages.

The plaintiff took possession of the land at the date of the contract and has ever since retained possession. By the judgment of the superior court it was decreed that the contract had been rightfully rescinded by plaintiff; that it should be annulled, and that plaintiff should have judgment for the amount of his payments under the contract and the value of his improvements on the land, in all about eight thousand dollars. This sum was declared to be a lien upon the land described in the contract and upon the water stock. By further provisions of the decree the land and stock were ordered to be sold and the proceeds, after payment of costs and expenses, applied to the payment of the amount found due to the plaintiff. In case of deficiency the clerk was directed to docket a judgment for the unpaid balance. In respect to all these provisions the decree follows very closely and exactly the terms of the ordinary decree in cases of foreclosure of mortgages.

In due time the defendant appealed from this judgment and subsequently took a separate appeal from an order denying its motion for a new trial. Each appeal was regularly perfected by the filing of a proper undertaking in the sum of three hundred dollars, but no separate undertaking to stay the proceedings was given on either appeal. Subsequently, the appeal from the judgment was dismissed for failure to file the transcript in time, but the appeal from the order is still pending. After the entry of the order of dismissal of the appeal from the judgment, but before the issuance of the *remittitur*, the plaintiff took out an execution or order of sale, under which the sheriff sold the property described in the decree, the plaintiff becoming the purchaser. The appellant now moves to vacate and set aside said sale and to quash the execution upon the ground that they were in violation of the right to a stay of proceedings secured by the appeals from the judgment and order denying a new trial.

No question is made as to the power and duty of this court to grant the relief sought by the motion if all proceedings on the judgment were stayed by the appeal from the order denying

a new trial.   (*Boob v. Hall,* 105 Cal. 413; *Hill v. Finnigan,* 54
Cal. 493; *Kreling v. Kreling,* 116 Cal. 458; *Brown v. Rouse,* 115
Cal. 619; *Williams v. Borgwordt,* 115 Cal. 617; *Swasey v. Adair,*
88 Cal. 203; *Hubbard v. University Bank,* 120 Cal. 632.)   But
the respondent contends, in the first place, that neither the ap-
peal from the judgment, nor the appeal from the order, operated
as a stay because there was no stay·bond, and, if this point is
ruled against him, he further contends that it was only the ap-
peal from the judgment that would have stayed execution, and
since that appeal was dismissed before the execution was taken
out, the fact that the *remittitur* had not been issued upon the
order of dismissal amounts at most to an irregularity in the pro-
ceeding, and is not a sufficient ground for setting aside the sale.

It will not be necessary to consider the second branch of this
proposition further than to say that it is now the settled law
of this state that proceedings on the judgment can be, and are,
stayed by the filing of a sufficient undertaking on appeal from
an order denying a new trial.   (*Fulton v. Hanna,* 40 Cal. 280;
*Tompkins v. Montgomery,* 116 Cal. 123.)

The only question, therefore, left for determination is whether
the ordinary undertaking on appeal in the sum of three hundred
dollars was sufficient to stay proceedings on this judgment.   If
this is not one of the cases provided for in sections 942, 943,
944, or 945 of the Code of Civil Procedure, the three hundred
dollar bond was all that was required to stay proceedings.   (Code
Civ. Proc., sec. 949.)   But respondent claims that the judgment
here is one which "directs the payment of money" within the
meaning of· section 942 of the Code of Civil Procedure, and
that there should have been an undertaking in twice the amount
found due from defendant.   This claim is based upon the fol-
lowing language in the first part of the judgment: "That said
plaintiff do have and recover of said defendant, Pomona Land
and Water Company, the amount of the several sums of money
hereinafter named," et cetera.   This language, considered by
itself, certainly does sustain the contention of the respondent.
But it cannot be taken by itself disconnected from other parts
of the decree, and when the whole decree is read together it is
found to be in substance an ordinary decree of foreclosure, in
which certain property is ordered sold and its proceeds applied

upon an ascertained debt, the balance remaining due, if any, to be docketed as a personal judgment. The provision for the sale of the property and the application of the proceeds is not merely a cumulative remedy given for the enforcement of an ordinary money judgment. It is a part, and an essential part, of the only procedure for the enforcement of the judgment, and no execution could have issued against other property than that mentioned in the decree until it had been sold, its proceeds applied, and the deficiency ascertained.

It is not necessary to decide whether the superior court could have rendered a personal judgment in this case for the full amount found due the plaintiff—a judgment enforceable by an ordinary execution against the goods of defendant—and could, at the same time, have decreed the enforcement of a specific lien upon the property described in the contract of sale. It is sufficient to say that, on a proper construction of the decree, nothing of the kind was attempted. This being so, the case cannot be distinguished from a number of other cases in which it has been held by this court that the provisions of section 942 of the Code of Civil Procedure did not apply. (*Kreling v. Kreling, supra; Painter v. Painter*, 98 Cal. 626; *Boob v. Hall, supra.*

The judgment here is, in fact, one directing the sale of real property and would be governed by the provisions of section 945 of the Code of Civil Procedure, if they were applicable. If the defendant had been in possession of the real property the bond to stay proceedings should have secured to the respondent the damages by waste, and the value of the use and occupation; but the plaintiff being himself in the exclusive possession, these clauses of the statute have no application, and the case, not being one of mortgage, no undertaking for payment of the deficiency was required.

On the whole, it appears that this is a case not covered by any provision of the statute for the filing of an additional stay bond, and proceedings on the judgment were therefore stayed by the ordinary undertaking on appeal.

The motion to vacate and set aside the sale and to quash the execution herein is granted, and it is ordered accordingly.

Temple, J., Van Dyke, J., Harrison, J., McFarland, J., and Henshaw, J., concurred.