[S. F. No. 3753. In Bank.—April 4, 1904.]

NONPAREIL MANUFACTURING COMPANY, Respondent, v. JAMES McCARTNEY, and NONPAREIL SPECIALTY COMPANY, Appellants.

APPEAL—STAY-BONDS—INSUFFICIENT JUSTIFICATION OF SURETIES—GOOD FAITH — NEW STAY-BOND — SUPERSEDEAS. — Where the appellant filed the statutory undertaking to stay proceedings pending the appeal, but through a mistaken method of procedure failed to have the sureties justify when required, and as a result two stay-bonds were disapproved by the clerk, the proceedings were not thereby stayed; yet, good faith being shown, a new stay-bond will be permitted to be filed in this court, when approved by the superior judge upon notice, and a *supersedeas* will be granted.

PETITION for Supersedeas to stay execution pending an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

R. E. Hewitt, and C. C. Hamilton, for Appellants.

Arnold W. Liechti, and Riordan & Lande, for Respondent.

McFARLAND, J.—Petition by appellants for a *supersedeas*.

On October 6, 1903, this court made an order fixing December 10, 1903, as the date of hearing of this petition, and also staying all proceedings on the judgment appealed from

"until the further order of this court." The petition was afterwards heard and submitted.

On September 30, 1903, the plaintiff in the case obtained a money judgment against defendants therein (petitioners here) for about fifteen hundred dollars. In due time defendants appealed from the judgment and gave an undertaking to stay proceedings executed by E. D. Bennett and Tillie Reede. Plaintiff served defendants with a notice of objection to the sufficiency of the sureties, and in response thereto defendants served notice upon plaintiff that the sureties would justify before the county clerk on the twenty-ninth day of October, 1903, at two o'clock P. M. of that day. On said twenty-ninth day of October, at said two o'clock P. M., the attorneys for both parties appeared before the county clerk,—a deputy clerk acting for the county clerk, who was absent. The attorney for defendants had with him Bennett, one of the sureties, and one Reinhardt, whom he desired to substitute as surety in place of said Tillie Reede, whose presence could not at that time be procured. Defendants' attorney asked that Reinhardt be allowed to sign the original undertaking, and that then Bennett and Reinhardt be allowed to justify. The attorneys for plaintiff and the deputy clerk both objected to this, and asserted that a new undertaking should be executed. Defendants' attorney objected to giving a new undertaking, and contended that it was proper and sufficient for the new surety to sign the old undertaking; but the deputy clerk refused to allow that to be done, and declined to hear any justification unless a new undertaking were filed. As to what thereafter occurred there is some conflict of evidence. Plaintiff contends that nothing further was done or said than as above stated, and that then all the parties left the clerk's office and went away. Defendants contend that before the parties left defendants' attorney announced that if a new undertaking was insisted on he would give one. And afterwards, at 4:30 P. M., the attorney for defendants returned to the clerk's office with Bennett and Reinhardt, who in the presence of said deputy clerk executed a new undertaking, and asked that they be allowed then to justify. The deputy clerk refused to hear the justification in the absence of the attorneys for plaintiff, whom he tried to reach by telephone, but could not do so.

The sureties were not examined on oath, but the deputy clerk had some conversation with them about their property. The attorney for defendants said that he had done all he could, and he and the sureties then went away. After they had gone the county clerk appeared, and after some conversation with said deputy he made a certificate, reciting some of the things which had occurred and declaring that he disapproved both the undertakings. Afterwards the attorneys for plaintiff served notice on defendants that they objected to the sufficiency of the sureties on the second bond, to which no response was made by defendants.

Under the above facts—and others not necessary to be here stated—we do not think that petitioners are entitled to a stay of proceedings upon their said undertaking filed in the superior court; there has been no such justification of the sureties as relieves the undertakings from the objection to their sufficiency. We think, however, that under the rule announced in *Hill* v. *Finnigan,* 54 Cal. 493, which has since been followed in several cases, petitioners should be allowed a *supersedeas* upon their filing in this court a proper undertaking to stay proceedings. We do not want to be understood as holding that appellants in all cases can take this course without making any honest effort to give a stay-bond in the court below. In the case at bar the petitioners evidently made a *bona fide* attempt to stay proceedings by filing the statutory undertaking, but seem to have been somewhat mistaken in their notions of the proper procedure to accomplish that result; but they should not for this reason lose the fruits of their appeal, if the same should be successful.

It is ordered that the petitioners be allowed, within twenty days from and after the filing of this opinion, to file an undertaking in this court in due form in double the amount of the judgment for a stay of proceedings during the appeal, upon the following conditions: Such undertaking and the sureties thereon shall be approved by the judge of the superior court before whom this action was tried, and petitioners shall give to respondent at least three days' notice of the time when such undertaking shall be presented to said judge for his approval. Upon the filing of such undertaking in this court, approved by said judge, within the twenty days above mentioned, the order of this court hereinbefore made staying

proceedings until the further order of this court shall be and remain in force during the pendency of the appeal; but in the event that such undertaking be not filed here within said twenty days, the said former order of this court shall be considered as revoked and this proceeding discharged.

Angellotti, J., Van Dyke, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.