[Civ. No. 3693.   Third Appellate District.—January 21, 1929.]

RELIANCE ACCEPTANCE CORPORATION (a Corporation), Respondent, v. FRED H. LUNDBLADE, Appellant.

Henry L. Ford and W. Ernest Dickson for Appellant.

Eugene S. Selvage for Respondent.

FINCH, P. J.—This is an application by the defendant for a writ of *supersedeas*.  The parties have stipulated that the matter be submitted on the records and files.  The facts, therefore, must be ascertained from an examination of the petition for the writ and the plaintiff's answer thereto. Since the burden of proof is on the petitioner, the allegations of the answer, in the absence of any evidence, must be

accepted as true. The following facts, among others, are stated in the answer:

█ May 28, 1928, judgment was entered in favor of the plaintiff against the defendant, petitioner herein, for $566.04 and costs. August 7th the defendant's motion for a new trial was denied. September 5th, defendant served notice of appeal and thereafter filed an undertaking to stay execution. September 28th, the plaintiff duly excepted to the sufficiency of the sureties on the undertaking and served notice thereof on counsel for the defendant. The defendant made no effort to have the sureties justify or to give an undertaking with other sureties until November 22, 1928, when the petition herein was filed. █ . In such petition it is alleged that the defendant had "no knowledge of the said exceptance to his undertaking staying execution pending the said appeal, and thereupon through inadvertence he failed to have his sureties justify within the time allowed by law." It was unnecessary to serve the defendant personally with the notice of exception to the sureties, but it is required that service of such a notice "must be upon the attorney instead of the party." (Code Civ. Proc., sec. 1015.) In the language of the supreme court in *Williams* v. *Borgwardt,* 115 Cal. 617, 618 [47 Pac. 594], "there is nothing to show either accident, surprise, inadvertence, or excusable neglect, and for this court to extend the relief asked would be equivalent to making a rule that the appellant may always neglect to follow the procedure prescribed by the statute, secure that upon his mere request this court will issue its *supersedeas* upon the filing of a bond to be approved by us. We do not think such practice should be sanctioned or encouraged. It would necessarily involve greater expense and inconvenience to respondents, and would seriously encroach upon the time of this court."

The application is denied.

Plummer, J., concurred.