[Civ. No. 6923. First Appellate District, Division One.—July 22, 1929.]

ALINDA PONCINO, Respondent, v. SIERRA NEVADA LIFE & CASUALTY CO. (a Corporation), Petitioner.

J. Hampton Hoge for Petitioner.

Edwin H. Williams for Respondent.

TYLER, P. J.—Petition for a writ of *supersedeas.*

The record shows that a certain judgment was obtained by plaintiff against defendant, petitioner herein, for the sum of $2,500. The action in which such judgment was rendered was one brought on an accident and health insurance policy.

Defendant moved for a new trial, which motion was denied on the fourth day of April, 1929, and thereafter it perfected an appeal to this court. For the purpose of staying execution on said judgment, appellant, on April 8, 1929, filed a surety bond in the sum of $5,000. Respondent thereafter on April 12, 1929, filed notice that she excepted to the sufficiency thereof. On April 15, 1929, appellant served notice on respondent's attorney that the surety on said bond would justify on the following morning at 10 o'clock, said notice being served in San Francisco, and the place set for justification being fixed at Oakland. Respondent's attorney deeming the notice insufficient as to time did not attend. Appellant's attorney did not discover his mistake concerning this notice until the second day of May, 1929, when he was served with a motion for execution to issue. Thereafter, on May 10, 1929, appellant duly filed another undertaking in the sum of $5,136.32, being twice the amount of the judgment and costs. Notwithstanding the filing of such undertaking, the court made an order on May 13, 1929, for execution to issue. This order was stayed pending the hearing and determination of this petition.

It is claimed by petitioner herein that the notice of justification of the surety was set for Tuesday, the sixteenth day of April, 1929, instead of Tuesday, the twenty-third

day of April of the same year through mistake and inadvertence on the part of a clerk in the office of 'appellant's attorney, and it is prayed that an order be made by this court permitting appellant to file with the clerk of this court a good and sufficient undertaking to stay execution of the said judgment during the pendency of the appeal, and that upon the filing of the same the writ prayed for issue to the court below and the officers thereof requiring each of them to desist from executing said judgment.

We are of the opinion that the relief sought should be granted. Appellant has, in good faith, made an honest effort to give a stay bond, and the mistake of inadvertence of the clerk as to the notice of justification should not disturb the *status quo* until the final determination of the action, as appellant might lose the fruits of its appeal if successful. (*Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653]; *Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2].) It is ordered that upon the filing by petitioner with the clerk of this court, within twenty days, of a good and sufficient undertaking in the sum required by law to stay execution of said judgment, and which said undertaking shall have been first approved by a judge of the Superior Court at a hearing upon ten days' notice to the respondent, a writ shall issue as prayed for herein. It is further ordered that in the meantime, during said period of twenty days, execution of the judgment be stayed.

Knight, J., and Cashin, J., concurred.