[L. A. No. 12416. In Bank.—December 30, 1930.]

LOUIS H. MESSENKOP, Plaintiff and Respondent, v. KATHLEEN DUFFIELD, Defendant and Appellant; WILLIAM L. MILNE, Cross-Defendant and Respondent.

D. A. Knapp for Appellant.

Dexter & Wendt for Respondents.

THE COURT.—Petition for writ of *supersedeas*. Upon an appeal from a judgment of the Superior Court of Los Angeles County decreeing plaintiff, Louis H. Messenkop, to be the owner and entitled to the possession of real property in the city of Los Angeles, and also awarding plaintiff a money judgment for $1140, defendant and cross-complainant, Kathleen Duffield, filed an undertaking in the sum fixed by the court, to wit, $7,000, with five personal sureties. Said plaintiff, Messenkop, and cross-defendant, William L. Milne, excepted to the sufficiency of the sureties. The sureties were found insufficient and the undertaking rejected by a court commissioner on June 5, 1930. Defendant, on June 7, 1930, filed her petition for a writ of *supersedeas* in this court, praying that the execution of the judgment be stayed pending the hearing on the application for *supersedeas,* and that after hearing held a writ of *supersedeas* issue upon the filing of an undertaking in an amount fixed by this court. Petitioner alleged that said commissioner improperly rejected the sureties, and that the property owned by them was shown far to exceed the amount of the undertaking. On June 16, 1930, this court entered its order directing respondents to show cause why a writ should not be issued and staying execution of the judgment pending hearing on said order. The proceeding is now before us after hearing held on September 15, 1930, pursuant to said order to show cause.

On September 5th petitioner filed notice in this court of a motion for an order restoring her to possession and adjudging respondents to be in contempt for violation of the court's order of June 16th. It appears from petitioner's affidavit accompanying the notice of motion and from the answer of respondents, that on June 9th, after petitioner had filed her application for a writ of *supersedeas,* but before this court had taken any action thereon, the sheriff executed the portion of the judgment decreeing plaintiff entitled to possession of the property under a writ issued to him on June 6th. Petitioner alleges that respondents and said sheriff had notice of the application made by her to this court for a writ of *supersedeas.*

It is the function of trial courts, rather than of appellate tribunals, to fix the size of appeal bonds and to

pass upon the sufficiency of sureties. But this court nevertheless has several times exercised its inherent power to restrain the enforcement of judgments upon the filing of a proper undertaking in this court where, by reason of the insufficiency of the undertaking filed in the court below, a statutory *supersedeas* had not been created. (*Williams* v. *Borgwardt,* 115 Cal. 617 [47 Pac. 594]; *Hill* v. *Finnigan,* 54 Cal. 493; *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653]; *Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2].) In these cases, however, the judgments had not been fully executed at the time the appellate court granted a *supersedeas.* In the case herein that portion of the judgment decreeing plaintiff to be the owner and entitled to the possession of the property was fully executed by the sheriff's placing him in possession on June 9th under a writ dated June 6th. The writ was legally issued and served. The sureties upon the undertaking filed in the court below having been rejected, and no other sureties having justified within the time allowed by law, execution of the judgment was no longer stayed by said undertaking, and this court had not then issued an order staying enforcement of the judgment. Although the appellate courts have annulled executions had in violation of a *supersedeas* which was in full force and effect by ordering a restoration of possession of real property or restoring money seized (*McAneny* v. *Superior Court,* 150 Cal. 6 [87 Pac. 1020]; *Owen* v. *Pomona Land etc. Co.,* 124 Cal. 331 [57 Pac. 71]; *Holcomb* v. *Juster,* 39 Cal. App. 462 [179 Pac. 445]), this relief is not to be extended to cases where at the time the execution was had there was no effective stay. (*Hoppe* v. *Hoppe,* 99 Cal. 536 [34 Pac. 222]; *De Lemos* v. *Siddall,* 143 Cal. 313 [76 Pac. 1115]; *In re McKean,* 82 Cal. 580 [256 Pac. 226]; *Craig* v. *Stansbury,* 37 Cal. App. 668 [174 Pac. 404]; *Smith* v. *Smith,* 91 Cal. App. 743 [267 Pac. 709].) The effect of a *supersedeas* is not to undo what already has been done, but to hold matters in the same condition as they existed at the time the stay became effective. Furthermore, it appears from petitioner's allegations that plaintiff and cross-defendant have not continued in possession of the property, but have leased it. It is not shown that the lessee had notice, actual or constructive, of any circumstances rendering it inequitable for

his lessor to have acquired possession at a time when application had been made to this court for a *supersedeas*.

Plaintiff did not violate this court's order of June 16th, staying further proceedings upon the judgment, by exercising his rights of property, as by leasing the property after he had lawfully acquired possession before the order of this court was made. A stay pending appeal stays further proceedings in the court below upon the judgment or order appealed from. It does not operate to restrain acts of the litigants involving no further judicial proceedings. Hence plaintiff and cross-defendant are not in contempt.

Petitioner's contention that there was no valid execution because the writ of possession was not ordered issued by court order upon motion after judgment, and upon proof of demand for possession and refusal, cannot be upheld. Section 682 of the Code of Civil Procedure authorizes the clerk to issue writs of execution upon judgments, and from subdivision 5 of said section it appears that this procedure is applicable to a writ issued upon a judgment decreeing that plaintiff is entitled to possession of real property. Upon such a judgment a plaintiff is entitled to possession as a matter of course.

As to that portion of the decree awarding plaintiff a money judgment for $1140, a different situation exists. Said provision had not been executed at the time this court made its order staying further proceedings pending the decision upon the application for *supersedeas*, and the question is whether the court shall continue this stay until the determination of petitioner's appeal upon the filing of a bond in this court. Respondents do not controvert petitioner's allegations relating to the evidence offered before the commissioner as to the sufficiency of the sureties. They object only to this court granting relief as to that portion of the judgment directing delivery of possession of the real property to plaintiff, which has been executed.

In her application for a writ of *supersedeas*, petitioner alleges that the commissioner rejected the sureties upon her undertaking in the sum of $7,000 although two qualified appraisers testified that the aggregate of the property of four of the five sureties, after deducting encumbrances, was of a value exceeding $30,000; and that the two persons who

appeared on behalf of plaintiff testified to no experience whatsoever as public appraisers. Petitioner further alleges that but for the statement of the commissioner that he would accept the appraisal of one Herman F. Spitzel, one of the appraisers offered by petitioner, who, petitioner alleges, is generally recognized as the official appraiser of Los Angeles County, and but for the worry, harassment and nerve exhaustion caused by the methods of cross-defendant Milne, she would have and could have secured other sureties within the time allowed. She claims that Milne and his wife went to her sureties to induce them to withdraw from the undertaking by threatening to purchase and foreclose mortgages upon their property.

Although petitioner alleges that the appraisers testified that the property of the sureties exceeded in value the sum of $30,000, nowhere does she make allegation to the effect that the appraisals showed a compliance with section 1057 of the Code of Civil Procedure, as interpreted in *Mohn* v. *Superior Court,* 53 Cal. App. 425 [200 Pac. 360]. In that case there were six sureties. The affidavits of five showed that they were severally worth amounts less than that specified in the undertaking and that the aggregate value of their property was less than the amount of the undertaking. Although the sixth surety owned property sufficient to make the total for which the sureties qualified equal to twice the amount of the undertaking, the court held that it was not the equivalent of two *sufficient* sureties as required by the section, each of whom qualified in the full amount of the undertaking.

We are disposed, however, in the exercise of discretion, to continue the stay of execution upon that portion of the judgment awarding plaintiff $1140, upon petitioner's filing with the clerk of this court, within twenty days, a good and sufficient undertaking in the sum of $2,280, which shall have been first approved by the presiding judge of the Superior Court of Los Angeles County upon at least five days' notice to respondents, the stay now in effect to continue pending the expiration of said twenty-day period. The amount of said undertaking is twice the amount of the judgment, as is the requirement for appeal bonds filed on money judgment in the superior court. (Sec. 942, Code Civ. Proc.)

Petitioner's motion for an order restoring her to the possession of the real property in suit and adjudging respondents to be in contempt of court is denied.

It is so ordered.