[Civ. No. 8052. Second Appellate District, Division One.—September 22, 1931.]

JAMES L. WILLIS, Respondent, v. SAMUEL PAUL, Appellant.

E. M. Smuckler, Kaye & Johnston and Philip S. Schutz for Appellant.

Michael Lavelle and Paul Garber for Respondent.

HOUSER, J.—From the completed record herein it appears that following the recovery of a judgment by plain-

tiff from the defendant, the giving by the former to the latter of a notice of its entry, and the issuance of an execution on such judgment, the defendant gave notice to the plaintiff of his intention to move for a new trial, which latter motion having duly come on for hearing, was by the court denied. In the meantime, and by means of several separate, consecutive orders secured by the defendant from the trial court, by which the execution of the judgment was stayed, the plaintiff was prevented from satisfying the same for a period of over two months. Thereafter, the defendant having given notice of appeal from the judgment, filed an undertaking on appeal. On exception taken by the plaintiff to such undertaking, the sureties thereon failed to justify. Thereupon the defendant filed a second undertaking which resulted in its rejection by the trial court for the reason that it was insufficient in form. A third undertaking filed by the defendant also failed of its purpose because of the inability of the sureties thereon to justify; and on a judicial hearing of the matter, an attempted fourth undertaking was held by the trial court to have been filed "too late.".

It also appears that throughout a period of approximately two months, during which such undertakings were being filed, in order to prevent the approval by the trial court of either of such proposed undertakings, the plaintiff was obliged to and did attend six separate hearings thereon, and that as to each of three of such hearings, on application by the defendant to the trial court, the time for serving notice thereof was shortened. It is also worthy of note that as to the sureties on the several undertakings presented by the defendant, L. Margolis and Samuel Wiener failed to justify on the first undertaking; that said L. Margolis, who also signed Leizer Margolis, also attempted to qualify as a surety on each of the four undertakings on appeal; that the said Samuel Wiener was also a proposed surety on the fourth undertaking on appeal, but thereon attempted to qualify for only one-half the amount of same; that although each of the following, to wit, Leizer Margolis, Gitel Margolis, Nathan Gazin and Yetta Gazin, who sought to become sureties on the third undertaking, failed to justify, yet each of them proposed to be a surety on the fourth undertaking and therein claimed to qualify for the

full amount of said undertaking. However, in addition thereto, on the fourth undertaking three new names appeared as sureties, wherein each of them attempted to qualify for one-half the amount of said undertaking.

In such circumstances as they now appear, on application made by appellant for a writ of *supersedeas,* this court issued its order that pending the hearing thereof the plaintiff be enjoined and restrained from enforcing the said judgment.

In the leading case of *Hill* v. *Finnigan,* 54 Cal. 493, it is held that an appellate court possesses inherent power "to secure to the appellant the fruits of an appeal, and . . . make an order to operate as a *supersedeas"*. However, such an order accruing to the appellant will not issue in his behalf as a matter of right. In the case of *Williams* v. *Borgwardt,* 115 Cal. 617 [47 Pac. 594], in effect it is ruled that unless the applicant make a showing by which it may appear that his failure to perfect an undertaking in the lower court was caused by reason of accident, surprise, inadvertence or excusable neglect, the appellate tribunal should not relieve him from his embarrassment. To the same effect are *Nonpareil Mfg. Co.* v. *McCartney,* 143 Cal. 1 [76 Pac. 653] ; *Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2] ; *Reliance Acceptance Corp.* v. *Lundblade,* 96 Cal. App. 371 [274 Pac. 360].

It is also a prerequisite to the obtaining of a writ of *supersedeas* that in attempting to file his undertaking on appeal, the good faith of the petitioner in the lower court be apparent. (*Foster* v. *Fernandes,* 200 Cal. 274 [252 Pac. 726].)

Without again reviewing the several acts and the general conduct of the petitioner in the instant matter it suffices to say that this court is not favorably impressed either with the good faith of the petitioner or with his attempted compliance with either of the other requirements upon which the exercise in his favor of the discretion of the court must depend.

The petition is denied, and the order of this court by which the plaintiff was restrained from enforcing the judgment is vacated.

Conrey, P. J., and York, J., concurred.