[L. A. No. 13819. In Bank.—October 24, 1932.]

A. M. ROSENFELD, Respondent, v. ROBERT MILLER, Appellant.

.Willcox & Judson for Appellant.

Loucks & Phister and Harry J. Miller for Respondent.

CURTIS, J.—In this action plaintiff recovered a personal judgment against the defendant in the sum of $16,928. Defendant in due time appealed from said judgment and on June 25, 1932, and within the time provided by law, filed an undertaking executed by two sureties staying the execution of said judgment. Plaintiff excepted to the sufficiency of said sureties, and on the day fixed for the justification of said sureties one of said sureties failed to qualify in the amount required, and the court ruled the undertaking insufficient. Said hearing was had and said ruling was made on Saturday, the sixteenth day of July, and the time allowed by law for the justification of new sureties on said bond expired on Monday, July 18th. Defendant endeavored to procure new sureties within the time

allowed, but due to the shortness of said time he was unable to do so. On July 20th the plaintiff caused execution to be issued and placed in the hands of the sheriff, and the latter levied upon and took possession of the factory, machinery, equipment and stock in trade used by the defendant in the carrying on of his business of manufacturing and selling curled hair in the city of Los Angeles, which said business defendant had carried on and conducted in said city for the past forty-seven years. It is further shown that said sheriff under said writ of execution has advertised said property for sale and will sell the same unless prevented by order of this court and that a sale of said business by said sheriff will destroy said business and the good will thereof to the irreparable damage of the defendant.

Thereupon defendant made application to this court for a writ of *supersedeas* staying the execution of said judgment pending the appeal of said action. The writ was granted on the *ex parte* application of the defendant. A petition for a rehearing was filed by the plaintiff mainly on the ground that the appeal of said action was to the District Court of Appeal and not to this court, and, therefore, this court had no jurisdiction of the action and its order granting said writ was void. This point we determined was well taken. We think the law is clear that an appellate court had no jurisdiction to grant a writ of *supersedeas* except in the aid of its appellate jurisdiction. This is undoubtedly the effect and intent of article VI of the Constitution. (*Hyatt* v. *Allen*, 54 Cal. 353; *Older* v. *Superior Court*, 157 Cal. 770, 773 [109 Pac. 478].) We granted said petition for a rehearing, and thereafter said appeal was transferred to this court, and the matter is now before us upon its merits.

The purpose of the writ of *supersedeas* is to preserve the rights of a litigant until there is a final determination of his appeal. (*Halsted* v. *First Sav. Bank*, 173 Cal. 605 [160 Pac. 1075]; *Southern Pac. Co.* v. *Superior Court*, 167 Cal. 250 [139 Pac. 69].) It may issue in the exercise of an appellate court's jurisdiction to stay proceedings upon a judgment or order appealed from although no statutory provision is made for such stay. (23 Cal. Jur. 984.) It may also issue when it appears necessary to preserve the rights of a litigant, where the sureties on an undertak-

ing to stay execution fail to qualify. (*Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 Pac. 2].) In that case, which was in some particulars like the present one, the court said: "The sureties failed to appear and justify on the date because of a serious illness in the family of one of them, whereupon appellant applied to this court for a writ of *supersedeas*. Under the rule stated in *Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 1 [76 Pac. 653], the appellant is not entitled to this writ as a matter of right, but we may properly, in the exercise of a sound discretion, grant him the writ upon such terms as will be just and will adequately protect the rights of the respondent. We conclude that under the circumstances the writ should be so granted in order to preserve the *status quo* until the final determination of the action."

In the present action the failure of one of the defendant's sureties to justify appears to have been due to the fact that the property of this surety was in the joint name of himself and wife, and that his joint interest therein was not of sufficient value to enable him to qualify as a surety on said undertaking. At the time he signed said undertaking the record shows that he represented that he was the sole owner of said property and defendant so understood that he was the owner thereof in severalty. Had he been the sole owner of said property, he would have been accepted as a surety on said undertaking, but the court on finding that he only owned a joint interest therein with his wife refused to approve the undertaking as presented with said surety as one of the bondsmen thereof. We think it sufficiently appears that defendant at the time he secured said surety as one of his bondsmen was of the belief that said surety was the sole owner of said property, and he only ascertained to the contrary at the hearing when said surety attempted to justify. Due to the amount of the undertaking required, it was not possible for the defendant to secure another surety within the brief time remaining for the filing of said bond, and for that reason no further undertaking was presented or filed by defendant.

The only counter showing made by the plaintiff is that since the rendition of said judgment the defendant has made several conveyances of his property, and the suggestion is offered that these conveyances were made for the purpose

564

of defeating the execution of said judgment. Conceding that the defendant has conveyed certain of his property since the rendition of said judgment, the execution of a proper and adequate undertaking on appeal would fully protect plaintiff in all of his rights and render his judgment collectible when the appeal is finally determined. We, therefore, are of the opinion that the writ should be granted.

It is hereby ordered that a writ of *supersedeas* is granted as prayed for, provided the defendant within ten days from the filing of this order in the office of the clerk of this court, files herein a good and sufficient undertaking on appeal staying the execution of said judgment, as required by law, in the sum of thirty-four thousand dollars ($34,000); said undertaking to be approved by the presiding judge of the Superior Court of the State of California in and for the County of Los Angeles.

Shenk, J., Preston, J., Langdon, J., Tyler, J., *pro tem.*, Waste, C. J., and Seawell, J., concurred.