[Civ. No. 9171. Second Appellate District, Division One.—August 3, 1933.]

HERBERT M. ELLINWOOD, Respondent, v. FRANK J. McCOY, Appellant.

Barry & Boehler and Warren Lee Kinder for Appellant.

Edwards & Taylor for Respondent.

HOUSER, J.—From the several statements of fact contained in the record herein, it is assumed by this court that the pertinent and essential conditions which appertain to the application herein are substantially that in an action pending in the superior court between the parties hereto the plaintiff therein recovered judgment for a substantial amount; that thereupon the defendant gave notice of appeal and, in accordance with the provisions of the statute with reference thereto, for the purpose of staying execution of the judgment pending such appeal, filed an undertaking which was executed by a regularly authorized corporation that was en-

gaged in the surety business; that upon exception being taken by the plaintiff to such undertaking, and following several stipulated continuances of the hearing on the proposed justification of said surety, the said surety failed to justify; that four days thereafter, in place of the original undertaking, the defendant offered to substitute another undertaking that was executed by two individual sureties; whereupon the plaintiff excepted to said sureties and objected to the giving of said undertaking on the ground "that there was no provision in law for filing a second undertaking in the superior court", and at the same time gave notice to defendant of a motion to issue execution on the judgment; that thereupon the hearing of said motion, the said exception, and the justification of the bondsmen on the proposed new undertaking was continued by order of the trial court to a date three days later. In the meantime, and following said last-mentioned order, the defendant obtained from this court an order appointing a time for hearing his application to it for a writ of *supersedeas,* and further directing a stay of all proceedings on the judgment until the further order of this court. From the record, it also appears that the plaintiff in the action is financially irresponsible; and consequently that if execution were to be issued on the judgment and, in pursuance thereof, that the said judgment were satisfied,—in the event of a reversal of the judgment on appeal the defendant thereafter would be unable to reimburse himself in any action which he might be entitled to bring against the plaintiff.

In such circumstances, although it may be, as contended by the respondent herein, that before the second bond was offered by the defendant as an undertaking on appeal the statutory time within which the sureties thereon were entitled to justify had expired, nevertheless, judging from the detailed statement of facts which appears in the affidavits presented by the respective parties hereto, but deemed unnecessary to herein set forth, this court is of the opinion that at all times pertinent to this application counsel for defendant were acting in good faith in the matter, and that the seeming negligence of counsel for the defendant in permitting the statutory period for filing a new undertaking on appeal to lapse is entirely excusable;—from which it follows that, within reason and the law, the defendant should receive

the protection of this tribunal to the extent of permitting him to file a good and sufficient undertaking on appeal. (*Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 1 [76 Pac. 653]; *Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 Pac. 2]; *Foster* v. *Fernandes*, 200 Cal. 274 [252 Pac. 726].)

In accordance with the order made in the first of such cited cases, it is ordered that the petitioner herein be allowed, within twenty days from and after the filing of this opinion, to file an undertaking in this court in due form in the statutory amount for a stay of proceedings during the appeal, upon the following conditions: Such undertaking and the sureties thereon shall be approved by the presiding judge of the Superior Court of Los Angeles County, and petitioner shall give to respondent at least three days' notice of the time when such undertaking shall be presented to said judge for his approval. Upon the filing of such undertaking in this court, approved by said judge, within the twenty days above mentioned, the order of this court hereinbefore made staying proceedings until the further order of this court shall be and remain in force during the pendency of the appeal; but in the event that such undertaking be not filed here within said twenty days, the said former order of this court shall be considered as revoked and this proceeding discharged. It is further ordered that the demurrer of respondent to the petition herein be and the same is overruled.

Conrey, P. J., and York, J., concurred.