[S. F. No. 16697.   In Bank.   Mar. 19, 1942.]

EDWIN KIM, Respondent, v. O. S. CHINN et al., Appellants.

A. B. Bianchi for Appellants.

Manwell & Manwell and John L. McCarthy for Respondent.

CARTER, J.—Defendant Chinn, petitioner herein, has applied for a writ of supersedeas to stay the execution of a judgment against him pending an appeal therefrom. The judgment was entered in the Superior Court of Santa Cruz County on April 18, 1941, for the sum of $8,500 and costs. A motion for a new trial was denied on June 12, 1941. Defendant filed a notice of appeal on July 10, 1941.

In all of the above-mentioned proceedings petitioner was represented by his counsel of record, Mr. Stanford G. Smith, who then advised petitioner that he desired to withdraw from the case and refused to take any further proceedings thereafter. He signed a substitution of attorneys between July 21 and July 26, 1941.

On July 26, 1941, petitioner by and through Mr. Hudson, an attorney at law, caused to be filed in the superior court in said action, an undertaking in the sum of $17,600 to stay execution on the judgment pending appeal; the sureties were personal. Petitioner was ill at the time but went to San Francisco to obtain an attorney to be substituted in the place of Mr. Smith, and in the latter part of July, 1941, made a tentative arrangement with Mr. Bianchi, an attorney in San Francisco, to "prosecute the case on appeal when, as and if the record on appeal was perfected"; Mr. Bianchi signed the substitution of attorneys on September 15, 1941, and sent it to Mr. Smith. It was filed on September 19, 1941. Petitioner became so ill on August 14, 1941, that he was, and at all times since has been, confined in a sanatorium. On August 15, 1941, Mr. Bianchi was injured, necessitating his absence from his office until September 10, 1941. Plaintiff excepted to the sufficiency of the sureties on the undertaking on August 18, 1941, notice thereof being mailed to Mr. Bianchi's office and to Mr. Smith. Mr. Bianchi, not having signed the substitution of attorneys, and he being ill, his office took steps by which petitioner's wife received the notice. She delivered it to Mr. Hudson for attention, who filed notice that the sureties would justify on August 29, 1941, at which time one of the sureties, Silliman, failed to justify and Mr. Hudson informed petitioner's wife that she would have to secure a new surety. Plaintiff asserts that the court stated at that time, in the hearing of petitioner's wife, that only eight days remained in which to obtain proper sureties. A new undertaking was filed in the trial court on September 2, 1941. Neither petitioner nor his wife were ever advised by anyone or knew until September 10, 1941, that it was necessary under the law to have other sureties in court to justify within the time limit in the event of the failure of the sureties to which exception was taken to qualify. Mr. Hudson acted gratuitously and as an accommodation in the matter of the undertaking, and believed that the filing of the second undertaking was all that was required upon the failure of one of the sureties on the first undertaking to qualify, and did not know of any objection upon plaintiff's part to the sureties on the second undertaking until plaintiff's exception thereto on September 10, 1941, at which time it was too late for the sureties to justify. (Sec. 948, Code of Civil Procedure.)

Plaintiff threatens to obtain execution of the judgment, and defendant alleges that plaintiff is insolvent.

Plaintiff in his answer to the petition asserts that it was through his indulgence that the defendant was allowed until July 28, 1941, to file an undertaking (it was filed on July 26th); that he was not notified that the undertaking had been filed until he received a copy thereof on August 18, 1941, from Mr. Bianchi; that the second undertaking was signed by the new surety Chan, in place of Silliman, on August 30, 1941, and filed on September 2, 1941; notice thereof being given on September 5, 1941; and that the record on appeal has not yet been prepared.

It is conceded that there was a failure of one of the sureties to justify within the time required by section 948 of the Code of Civil Procedure. However, this court will in its discretion under proper circumstances stay the execution on a money judgment while an appeal therefrom is pending in this court where the sureties on the undertaking to stay execution filed in the lower court fail to justify, and require the filing of a proper undertaking in this court; that result is accomplished by a writ of supersedeas. (*Tompkins* v. *Montgomery*, 116 Cal. 120 [47 Pac. 1006]; *Williams* v. *Borgwardt*, 115 Cal. 617 [47 Pac. 594]; *Rosenfeld* v. *Miller*, 216 Cal. 560 [15 P. (2d) 161]; *Messenkop* v. *Duffield*, 211 Cal. 222 [294 Pac. 715].) Whether the circumstances justify the issuance of the writ lies in the sound discretion of the court, and where it appears that petitioner has in good faith attempted to comply with the law and the respondent will not suffer injury, liberality should characterize the exercise of that discretion to the end that the *status quo* may be maintained and the fruits of the appeal preserved. (See *Dairy Holding Co.* v. *Pacific Coast D. Co.*, 19 Cal. App. (2d) 252 [64 P. (2d) 1111]; *Poncino* v. *Sierra Nevada etc. Co.*, 100 Cal. App. 85 [279 Pac. 1035]; *Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 1 [76 Pac. 653]; *Hill* v. *Finnigan*, 54 Cal. 493; *Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 Pac. 2]; *Rosenfeld* v. *Miller, supra; Messenkop* v. *Duffield, supra; Foster* v. *Fernandes*, 200 Cal. 274 [252 Pac. 726]; *Ellinwood* v. *McCoy*, 133 Cal. App. 597 [24 P. (2d) 549].)

From the above stated circumstances we are convinced that the writ should properly issue in this case. It appears that defendant acted in good faith in endeavoring

to file an undertaking with satisfactory sureties. The difficulties in which he found himself were due to his illness, the refusal of his counsel in the trial court to proceed with the appeal, the confusion resulting from an effort to obtain new counsel, the disability of Mr. Bianchi, the proposed new counsel, and the mistake on Mr. Hudson's part with respect to the proper procedure to follow when one of the sureties failed to justify, he acting gratuitously and temporarily. It does not appear that the plaintiff will be in any way injured or prejudiced by the stay of execution pending the appeal since a sufficient undertaking with qualified sureties has been filed in this court.

Defendant relies upon such cases as *Williams* v. *Borgwardt*, *supra*; *Reliance Acceptance Corp.* v. *Lundblade*, 96 Cal. App. 371 [274 Pac. 360], and *Willis* v. *Paul*, 116 Cal. App. 733 [3 P. (2d) 339], but suffice it to say that each case must be determined on its particular facts, and we are satisfied that the facts here are as persuasive if not more persuasive for the issuance of the writ than the cases cited by us, *supra*.

Therefore, it is ordered that the writ of supersedeas issue as prayed for, and execution on said judgment be stayed. Defendant has heretofore filed in this court pursuant to the order to show cause made by this court on November 25, 1941, an undertaking approved by, and the sureties on which justified before the Superior Court of Santa Cruz County in the sum of $17,600, conditioned on the payment of the judgment and costs in the event of an affirmance thereof on appeal or a dismissal of the appeal, and said undertaking shall stand as the undertaking on appeal as required by law and as a compliance with the condition to the issuance of said writ.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Houser, J., and Traynor, J., concurred.