[Civ. No. 4811. Fourth Dist. Mar. 23, 1953.]

ROBERT J. DOWLING, JR., Petitioner, v. JOSEPH J. FEDELE, Respondent.

Woodrow Wilson for Petitioner.

Johnson & Johnson for Respondent.

THE COURT.—This is an application for a writ of supersedeas to stay the execution of a judgment pending an appeal therefrom. The judgment was entered in the Superior Court of San Diego County on November 6, 1952, in favor of this respondent and against this petitioner. The action involved a sale of personal property and the judgment, as entered, was for $9,486.52 and $89 costs, or a total of $9,575.52. A motion for a new trial was denied on December 23, 1952, and a notice of appeal was filed on December 31, 1952.

On January 2, 1953, this petitioner filed his undertaking to stay execution pending appeal. On January 6, 1953, this respondent excepted to the sufficiency of the sureties on that undertaking. A hearing on the qualification of the sureties was set for January 20, 1953, and continued to January 28th. It was then partially heard and continued to February 4, on which date the trial judge made an order finding the sureties insufficient.

On February 20, 1953, in attempted compliance with section 948 of the Code of Civil Procedure, this petitioner deposited $9.575.52 in cash with the clerk of the court in lieu of the undertaking and on that date the trial judge signed an order staying execution of the judgment until after determination of the appeal, with a further order setting aside and recalling any writ of execution theretofore issued. On the same day, February 20th, this respondent procured from another judge of the same court an order vacating and set-

ting aside this order of the trial judge staying execution and recalling any writ issued. Thereafter, this respondent caused another writ of execution to be issued and levied upon the money thus deposited in court by this petitioner.

The petition herein alleges, among other things, that this respondent is a resident of the State of Wisconsin and has no property in this state; that his counsel has expressed the intention of obtaining possession of the money and sending it to the respondent in Wisconsin; that the respondent is indebted to the State of California in an amount in excess of $2,300 for unpaid taxes; that under a claim of secondary liability the State of California has caused liens to be placed on the petitioner's property; and that the petitioner is informed and believes that the respondent is insolvent.

An order to show cause was issued by this court, including an order suspending all further proceedings on said judgment until the further order of this court, and commanding the judges, clerks and officers of the superior court to retain and safely keep the sum of $9.575.52 thus deposited by this petitioner until the further order of this court. In his answer and reply to the petition for a writ the respondent alleges that two or three of the dates above mentioned are wrong by a day or two, but this is immaterial here. He also denies that he intends to take the money out of the state or that he is insolvent. As affirmative defenses he alleges that on February 25, 1953, he filed cost bills after judgment amounting to $528.46, and that the order of the trial judge staying execution was properly set aside since the deposit of the money in court by this petitioner was not made within the time allowed by law, and since a sale of personal property under execution was in process of being completed before the order staying execution was issued. It is further contended that there is no showing that petitioner's failure to perfect his undertaking in the trial court was caused by accident, surprise, inadvertence or excusable neglect, and no showing of the required good faith on the part of the petitioner in attempting to file his undertaking on appeal.

While it may be conceded that there was a failure to perfect the stay of execution in the trial court within the time allowed by law this court may, in its discretion and under proper circumstances, order such a stay of execution through the issuance of a writ of supersedeas. (*Kim*

v. *Chinn,* 20 Cal.2d 12 [123 P.2d 438].) The court there said: ''Whether the circumstances justify the issuance of the writ lies in the sound discretion of the court, and where it appears that petitioner has in good faith attempted to comply with the law and the respondent will not suffer injury, liberality should characterize the exercise of that discretion to the end that the *status quo* may be maintained and the fruits of the appeal preserved.''

We think that a sufficient showing of good faith on the part of the petitioner here appears. He filed his undertaking immediately after filing notice of appeal, and the order finding the sureties insufficient was made more than a month later. He deposited the cash in court 16 days later, and the deposit of that amount of money would seem to be a rather strong indication of good faith. It would appear from the record before us that there is a real possibility that this petitioner might later be entitled to an offset against the judgment, in any event, on account of the necessity of paying off certain liens filed, which should be paid by the respondent. There is a sufficient showing of accident, surprise, inadvertence or excusable neglect, and it would appear that the respondent will suffer no real injury if a sufficient amount is deposited in court to cover his claims if he eventually prevails.

It is ordered that the previous order of this court, directing the judges, clerks and officers of the superior court to retain possession of the sum of $9,575.52 thus deposited with the clerk for the purpose of paying the judgment when and if it becomes final, shall remain in full force and effect until the further order of this court. It is further ordered that if within 10 days from the receipt of a copy of this order the petitioner shall deposit with the said county clerk a further sum of $1,000 for the purpose of covering any interest and added costs, to be retained by the county clerk as an addition to the former deposit and for the same purpose, the petitioner shall be entitled to the issuance of the writ prayed for. It is further ordered that on the receipt by this court of notice from the county clerk that he has received said additional sum of $1,000, a writ of supersedeas will issue staying any execution on said judgment.