[Civ. No. 25947.   Second Dist., Div. Three.   Nov. 29, 1961.]

ARNOLD ISAAK, Plaintiff and Respondent, v. MEL H. EVIDON, Defendant and Appellant.

454

Leonard Horwin for Defendant and Appellant.

Bertram H. Ross for Plaintiff and Respondent.

FRAMPTON, J. pro tem.*—Petitioner seeks to restrain plaintiff and cross-defendants from enforcing the judgment below pending disposition of his appeal therefrom upon condition that within 30 days from date of notice of order granting supersedeas he will either justify his undertaking on appeal, make cash deposit or file a corporate undertaking in the manner prescribed by law.

Petitioner is the defendant and cross-complainant in an action in the superior court in which a judgment in favor of plaintiff was rendered against him on September 14, 1961, in the sum of $15,000 with interest from February 5, 1960. There was also a judgment for costs in favor of the cross-defendants on the cross-complaint.

Petitioner filed a notice of appeal from the judgment and has taken appropriate steps to perfect his appeal. On September 28, 1961, to stay execution, he filed an undertaking on appeal and affidavit of surety pursuant to the provisions of sections 942 and 1057 of the Code of Civil Procedure, wherein petitioner and his two sureties bound themselves to plaintiff in the sum of $30,000. On October 2, 1961, plaintiff excepted to the sufficiency of the sureties and required justification or a corporate surety bond in lieu thereof. The hearing on the matter of the justification of the sureties was set, on petitioner's motion, for October 20, 1961. At the conclusion of the hearing plaintiff excepted to the sufficiency of the surety, William Evidon, upon the grounds that most of the property of said surety was held in joint tenancy with his wife and the

---

*Assigned by Chairman of Judicial Council.

wife had not joined in the undertaking. The court granted such exception. On October 23, 1961, petitioner filed an undertaking and affidavit of surety in which the wife of William Evidon joined, which supplied the deficiency upon which the exception was taken. On October 26, 1961, plaintiff filed a notice of motion as follows:

"YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that the plaintiff above named will move the above entitled court in Department 66 thereof on November 1, 1961 at the hour of 9:00 a. m., or as soon thereafter as counsel may be heard, for its order striking from the files the alleged and purported undertaking on appeal purportedly executed on October 23, 1961 and will further move said court for its order directing the Clerk of the Court to issue a writ of execution on the judgment heretofore entered in the above entitled cause on the ground that the sureties on said undertaking on appeal did not justify in the manner and within the time provided for by Section 948 of the Code of Civil Procedure of the State of California. Said motion will be made upon the grounds that this court lost jurisdiction over the filing of the undertaking on appeal on October 23, 1961.

"Said motion when made will be based upon this notice of motion, the points and authorities served and filed herewith and upon all of the papers in the files in this cause."

On November 1, 1961, this court issued an order to show cause why supersedeas should not issue staying the enforcement of the judgment below.

Respondent's position seems to be that as early as October 5, 1961, he refused to consent to a request by petitioner for an extension of time within which his sureties could justify and that he saw fit to set the date for such hearing on October 20, 1961, within a day or so of the expiration of the 20-day period allowed therefor. (Code Civ. Proc., § 948.)

". . . this court will in its discretion under proper circumstances stay the execution on a money judgment while an appeal therefrom is pending in this court where the sureties on the undertaking to stay execution filed in the lower court fail to justify, and require the filing of a proper undertaking in this court; that result is accomplished by a writ of supersedeas. (*Tompkins* v. *Montgomery,* 116 Cal. 120 [47 P. 1006]; *Williams* v. *Borgwardt,* 115 Cal. 617 [47 P. 594]; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 P.2d 161]; *Messenkop* v. *Duffield,* 211 Cal. 222 [294 P. 715].) Whether the circumstances justify the issuance of the writ lies in the sound

discretion of the court, and where it appears that petitioner has in good faith attempted to comply with the law and the respondent will not suffer injury, liberality should characterize the exercise of that discretion to the end that the *status quo* may be maintained and the fruits of the appeal preserved. (See *Dairy Holding Co.* v. *Pacific Coast D. Co.*, 19 Cal.App.2d 252 [64 P.2d 1111]; *Poncino* v. *Sierra Nevada etc. Co.*, 100 Cal.App. 85 [279 P. 1035]; *Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 1 [76 P. 653]; *Hill* v. *Finnigan*, 54 Cal. 493; *Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 P. 2]; *Rosenfeld* v. *Miller*, *supra*; *Messenkop* v. *Duffield*, *supra*; *Foster* v. *Fernandes*, 200 Cal. 274 [252 P. 726]; *Ellinwood* v. *McCoy*, 133 Cal.App. 597 [24 P.2d 549].)'' (*Kim* v. *Chinn*, 20 Cal.2d 12 at p. 15 [123 P.2d 438]; *Back* v. *Hook*, 101 Cal.App.2d 656 [225 P.2d 1005].)

█ The circumstances here indicate that petitioner endeavored in good faith to comply with the law in respect to the justification of his sureties and might have done so had not the signature of the wife of one surety been inadvertently left off the affidavit. Furthermore, the circumstances do not indicate that respondent will suffer injury by permitting petitioner at this time to file a corporate surety bond in stay of execution of the judgment below.

Execution is stayed to and including December 27, 1961, on condition that petitioner file in this court, not later than said date, a corporate surety bond as provided by law, in the sum of $17,850, conditioned to pay the costs in the lower court, principal and interest on the judgment and costs on appeal if allowed.

Shinn, P. J., and Ford, J., concurred.