[L. A. No. 19098.   In Bank.   Oct. 20, 1944.]

BYRON PEEBLER et al., Respondents, v. B. C. OLDS et al., Appellants.

24

J. M. Danziger for Appellants.

Roland Maxwell for Respondents.

SHENK, J.—This is an application for the writ of supersedeas to stay execution on a money judgment against the defendants. On the filing of the petition an order to show cause was issued accompanied by a stay pending the determination of the application. As a return the plaintiffs have filed a general demurrer and an answer.

The facts material to the controversy are not in dispute and reveal the following: On June 28, 1943, the plaintiffs commenced an action for equitable relief and for damages, alleging that the defendant Edith W. Danziger should be enjoined from going on the real property involved in the action except for the purpose of removing a building; that the defendants should be enjoined from using a business name similar to that used by the plaintiffs, and that the defendants should be enjoined from interfering with the plaintiffs in the use of a well in controversy. By amended pleadings damages were sought. Findings of fact and conclusions of law were filed and judgment was entered in accordance therewith, including a judgment for damages. A motion for a new trial was denied and a notice of appeal filed. On May 26, 1944, the appealing defendants filed an undertaking in the sum of $2,050 to stay execution pending appeal. On May 31st the plaintiffs served notice of their exception to the sufficiency of the sureties. Thereafter the defendants gave notice that the sureties would justify before the court commissioner on June 12th. On that day one surety appeared before the commissioner and was examined. The other failed to appear. The commissioner notified counsel for the defendants that the verification of the undertaking was not in proper form and that the wives of the sureties would have to sign the undertaking. A new bond was directed to be presented and the hearing was continued to June 14th, at which time a new bond signed by the sureties and their wives and properly verified was filed. One of the sureties was examined and justified, and the matter was continued to June 16th. The prior examination of the other surety, Mr. Fickeisen by name, disclosed that title to valuable property claimed to be owned

by him stood of record in the name of his wife. Plaintiffs' counsel objected to the completion of the examination on the ground that Mrs. Fickeisen was not present for examination and a date for a further hearing was considered by the commissioner and by counsel for both parties. Plaintiffs' counsel stated that it could not be Monday the 19th. The commissioner announced that he would hear it on Tuesday the 20th. Defendants' counsel stated that Mrs. Fickeisen could not attend on Tuesday and suggested Wednesday. Plaintiffs' counsel stated: "I cannot be here Wednesday. Thursday would be satisfactory." Whereupon the commissioner set the further hearing for Thursday the 22d and announced: "If that is beyond the 20-day period, you had better take whatever action is necessary," and further stated that he was continuing the matter to June 22d "at counsel's request."

When the matter came on for hearing on June 22d, plaintiffs' counsel objected to any further hearing on the ground that the twenty days allowed for justification of sureties after notice of exception to their sufficiency as provided by section 948 of the Code of Civil Procedure had expired on June 20th and that an order extending the time had not been obtained from a judge of the court as provided in section 1054 of the same code. The commissioner stated that in his opinion an order extending the time pursuant to section 1054 must be made by a judge of the court and could not be made by the commissioner. The objection to the approval of the bond was accordingly sustained. However, at the request of defendants' counsel and for the purpose of completing a record, Mrs. Fickeisen was examined as to her financial responsibility. The record of this examination appears to be sufficient to justify her as a surety on the undertaking.

The plaintiffs take the position that the defendants should be denied a supersedeas for the reason that they had an opportunity to obtain from the judge a continuance of the time of justification on the bond and deliberately refused to do so, and that the judge and not the commissioner had the power to extend the time. The defendants argue that under section 259 of the Code of Civil Procedure the commissioner has the power to examine the sureties when exception has been taken to their sufficiency and that as a necessary incident of that power has the right to extend the time for justification beyond the twenty-day period provided by section 948.

It is deemed inappropriate to decide in this proceeding the question of law thus presented to the commissioner. The solution of it one way or the other would not determine this application. ▇ The question here is whether the defendants have made out a case for the issuance of the writ. The showing made discloses an attempt in good faith to prevent execution on the judgment pending the appeal by the filing of the required bond and that the sureties on the bond presented for that purpose have sufficiently justified.

The writ of supersedeas should therefore issue as prayed upon the approval of an undertaking in the sum of $2,050 by the judge who tried the case or by the Presiding Judge of the Superior Court in and for Los Angeles County within forty days from and after the filing of this order. The bond heretofore filed and on which the sureties have been examined and justified may constitute such bond upon agreement of the sureties and approval by the court.

It is so ordered.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.