[Civ. No. 20642.   Second Dist., Div. Two.   Nov. 15, 1954.]

C. SLOAN, Respondent, v. FREDERICK W. STEARNS
et al., Appellants.

Irwin Gostin and Gene L. Rubin for Appellants.

Lawrence L. Light and Joseph Friedman for Respondent.

MOORE, P. J.—Application for supersedeas.   Respondent recovered judgment against appellant on August 3, 1954, for $3,500 and costs.   Motions for new trial, or in the alternative, for judgment notwithstanding the verdict were denied August 27, 1954.   Appellants filed notice of, and bond on, appeal on September 10.

On September 16, 1954, respondent filed his exception to sureties.   By reason of his illness and confinement in the hospital, Mr. Stearns' attorney was incapacitated to act for appellants, whereupon a new and different counsel acted in an attempt to justify the sureties.   The latter were Lois M. Stearns and Edna C. Stearns, wife and daughter of defendant, Stearns. They are owners of a large block of the stock of appellant corporation.   In his affidavit opposing the issuance of a writ of supersedeas, respondent's counsel avers that "it is improper for a judgment debtor to have for surety its own assets and that the purported undertaking supported by ownership of stock in the judgment debtor is without any value for the purpose of providing security for said judg-

ment." However, in a supplemental affidavit made and filed by appellants, it is alleged that Edna C. Stearns has assets exclusive of her stock in appellant corporation of the value of "more than $150,000" and that Lois M. Stearns has assets exclusive of her stock in Fairway Construction Company of a value of more than $10,000 and that therefore the sureties tendered are sufficient to qualify the bond on appeal.

Such substantial wealth was reasonably calculated to induce counsel to believe that the undertaking would be approved. One hundred and fifty thousand dollars is sufficient support for a bond of $7,000. Moreover, appellants appear to have been serious and in earnest in resisting respondent's claim and reasonably diligent in prosecuting their appeal. They should not be deprived of their right of review either by reason of the trial court's ruling on the qualification of those particular sureties or because appellants' counsel miscalculated their qualifications, and their independent responsibility on such a bond. (See *Peebler* v. *Olds*, 25 Cal.2d 23, 26 [152 P.2d 441]; *Kim* v. *Chinn*, 20 Cal.2d 12, 16 [123 P.2d 438].) The provision for appeal is a valuable right of which a litigant should not be too readily deprived.

It is, therefore, ordered that the writ of supersedeas issue upon the following condition, to wit: that within 15 days from the filing of this order in the office of the clerk of this court, appellant shall file in the office of the county clerk of Los Angeles County a good and sufficient undertaking on appeal in the sum of $7,000 staying the execution of respondent's judgment, such bond to be approved by the presiding judge or a commissioner of the Superior Court in and for Los Angeles County.

McComb, J., and Fox, J., concurred.