[Civ. No. 10434. First Appellate District, Division One.—February 15, 1937.]

DAIRY HOLDING COMPANY (a Corporation), Appellant, v. PACIFIC COAST DAIRY COMPANY (a Corporation) et al., Respondents.

Norman Elkington for Appellant.

James L. Minnis, Jr., Lombardi & Minnis, Henry E. Monroe and Julia M. Easley for Respondents.

TYLER, P. J.—Petition for writ of *supersedeas* to stay execution of a judgment pending appeal. Petitioner appealed from a judgment quieting title to real property and from the order of the court denying a new trial. Thereafter the court made and entered its order fixing the amount of an undertaking on appeal to stay execution, in accordance with section 945 of the Code of Civil Procedure, in the sum of twelve

hundred dollars. ■ Petitioner filed the undertaking with personal sureties in said amount, to which exceptions were taken and notice of hearing thereon was served and filed. By mistake and inadvertence the sureties failed to appear and the superior court dismissed the proceedings because of the nonjustification of said sureties within the period provided by law. Petitioner is ready, able and willing to post a good and sufficient undertaking for the purpose of staying execution in said action. While the affidavits are somewhat conflicting, we are inclined in the exercise of a sound discretion to grant the relief prayed for, so as to preserve the *status quo* until the final determination of the action. (*Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 Pac. 2] ; *Dunham* v. *Cantlay & Tanzola, Inc.*, 140 Cal. App. 132 [34 Pac. (2d) 1031].) It is therefore ordered that, upon the filing by petitioner with the clerk of this court within fifteen days of a good and sufficient stay bond on appeal in the sum of twelve hundred dollars, conditioned as required by law, and which shall have been first approved by a judge of the Superior Court of the County of San Mateo, at a hearing upon five days' notice to respondents, a writ shall issue as prayed for herein. It is further ordered that in the meantime, during such period of fifteen days, the execution of the judgment be stayed.

Knight, J., and Cashin, J., concurred.