[Civ. No. 18198.   Second Dist., Div. One.   Jan. 10, 1951.]

EARL V. BACK et al., Respondents, v. GERALDINE W. HOOK, Appellant.

Gandy & Cockins for Appellant.

P. E. Durkee for Respondents.

WHITE, P. J.—Petition for a writ of supersedeas. Plaintiffs and respondents commenced an action in the Superior Court of Los Angeles County seeking damages from appellant, petitioner herein, because of her failure to convey real property pursuant to an alleged agreement so to do. Appellant by her answer alleged that she was at all times ready to perform pursuant to her written agreement but that plaintiffs had demanded that she modify the agreement and allow them certain credits arising out of the settlement of another and different action between the parties. The trial court found that there was no ''meeting of minds,'' that there was no valid contract, and that plaintiffs were entitled to a refund of sums paid by them to the defendant, as well as sums expended in improving the property and for taxes thereon, totaling $5,014.55. Judgment was entered accordingly, the judgment further providing that plaintiffs have a lien on the property involved until the judgment be paid.

After appellant had filed her notice of appeal, respondents caused execution to be levied upon two other parcels of prop-

erty of appellant, whereupon appellant filed an undertaking executed by two personal sureties to stay execution. The sureties were excepted to. Thereafter, according to appellant's petition, the superior court commissioner "ruled that said sureties had failed to justify and continued the hearing to the 13th day of October, 1950, at which time the appellant presented two additional sureties; that because of a claimed impropriety in the affidavit of sureties, said . . . (commissioner) . . . refused to file a bond or to permit said sureties to justify."

Appellant further alleges that "thereafter one of said sureties declined to proceed and it was necessary for defendant and appellant to obtain an additional surety; that inasmuch as these matters took place over the weekend, defendant and appellant was unable to obtain an additional surety, together with proper affidavit of sureties, before Tuesday, October 17, 1950; that October 17, 1950, was the last day in which appellant could under the Code have her sureties justify, twenty days having elapsed since service of the objection to sureties"; that the commissioner held that since the undertaking was being filed on the last day, there was no way to permit the sureties to justify, as five days' notice was necessary; that appellant nevertheless filed the undertaking and "is informed and believes that these sureties can justify if given an opportunity."

Upon presentation and filing of the petition, it appearing therefrom that the sale of property under execution had been set for October 23, 1950, this court on October 19, 1950, issued an order to show cause why a writ of supersedeas should not issue and stayed proceedings to enforce the judgment until further order of this court. Upon the filing by respondents of written opposition to the issuance of the writ, the matter was argued and submitted.

Whether in the circumstances presented the writ should issue lies in the sound discretion of the court. (*Kim* v. *Chinn*, 20 Cal.2d 12, 15 [123 P.2d 438], and cases there cited.) From the record now before us it appears that any attempt by appellant to justify the personal sureties she has thus far obtained would be fruitless.

It is therefore ordered that upon the filing by petitioner with the clerk of this court of a good and sufficient undertaking for the amount of the judgment, $5,014.55, with a corporate surety, approved by a judge or commissioner of the Superior Court of Los Angeles County, within 20 days from the filing

of this order, that a writ of supersedeas issue; and further, that proceedings to enforce the judgment be stayed for a further period of 20 days from and after the filing of this order. And, should petitioner fail to file the aforesaid undertaking within the 20 days herein provided, it is ordered that the petition for writ of supersedeas be denied. The writ of prohibition sought as an alternative by petitioner is denied.

Doran, J., and Drapeau, J., concurred.