THE KANSAS BITULITHIC PAVING COMPANY, *Appellee*, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant*.

No. 16,261.

1. DAMAGES—*Injunction—Bond Issue—Interest.* Under the circumstances it was proper to allow the plaintiff interest on money borrowed during the time it was deprived of municipal bonds the issuance of which was enjoined.

2. ——— *Depreciation in Value of Bonds.* A claim that damages for the depreciation in value of bonds pending a suit to enjoin their sale were remote and speculative not sustained.

Appeal from Reno district court; PETER J. GALLE, judge. Opinion filed January 8, 1910. Affirmed.

*Frank L. Martin,* for the appellant.

*F. F. Prigg,* and *C. M. Williams,* for the appellee.

*Per Curiam:* The bond upon which the appellee recovered judgment was given to stay proceedings here in a case where the judgment of the district court was

afterward affirmed. (*Bunker v. Hutchinson,* 74 Kan. 651.) The effect of the supersedeas was to prevent the city from carrying out its contract and to deprive the appellee of $67,000 in city bonds until after the judgment was affirmed. If the bonds when issued bore interest during the time the appellee was deprived of them the item of $430 interest for money borrowed should not have been allowed; but that fact should have been shown as a matter of defense. It is customary when municipal bonds are issued to deduct the unearned interest. In the absence of evidence as to the facts the allowance of the item for interest was proper.

There was evidence sufficient to support a finding that the city had exercised its option at the time the restraining order was granted and had notified the appellee that it would issue its bonds instead of paying cash. There is no merit in the contention that the appellee could probably not have sold the bonds on the market until the question of their validity was finally determined. There was testimony that the appellee had sold them, or at least had arranged to sell them at par, and that the market value depreciated during the time the restraining order was in force. Damages for the depreciation in the value of the bonds under these circumstances were not remote or speculative and were properly allowed. (*Clay Center v. Williamson,* 79 Kan. 485.)

We find no error in the record, and the judgment is affirmed.