[Civ. No. 4934. Third Appellate District.—July 1, 1933.]

E. L. CUNNINGHAM, Appellant, v. J. C. REYNOLDS et al., Respondents.

Hale McCowen, Jr., for Appellant.

H. G. Crawford for Respondents.

PULLEN, P. J.—Petitioner herein was the owner of certain sheep which strayed upon the lands of respondent. Acting under the Estray Law, respondent thereupon seized the sheep upon his lands and has held the same pending the payment of such damages, expenses and costs as may have been incurred. A few days after the sheep were taken up, petitioner tendered to respondent the sum of $35 as payment for the damages, expenses and costs incurred, but respondent declined to accept that sum and refused to deliver up the sheep to petitioner, and proceeded to record and publish notice as required by law for the sale thereof under the Estray Law. Thereupon, petitioner as plaintiff filed an action against respondent in claim and delivery. Respondent answered, and upon the trial of the issues raised, judgment was entered in favor of respondent for the sum of $1,026.05, being the amount found by the court as damages, costs and expenses incurred by respondent, and further directing if the sum were not paid within ten days after the entry of judgment, the sheriff proceed to sell said sheep at public auction as provided by law.

Plaintiff, upon the entry of judgment, gave notice of appeal and in time the transcript was settled and allowed. Thereafter, upon motion, the trial judge entered an order authorizing and directing the clerk of the court to issue a writ of enforcement of the judgment requiring the sale of the sheep referred to in the judgment.

Thereupon, upon petition to this court for an order to show cause why a writ of *supersedeas* should not issue, and pending a hearing thereon, an order was made by this court staying further proceedings.

It is contended by respondent, and so held by the trial court, that no bond having been posted by appellant, the execution on the judgment is not stayed. On the other hand, petitioner maintains that the proceedings are stayed by the appeal without the filing of any bond. Whether a stay bond is required is the question here for determination.

The judgment under consideration directs that if plaintiff shall pay to defendant or deposit in court the required amount, the sheep shall be returned to plaintiff. It is further ordered, however, that in case plaintiff fails to pay to defendant or deposit in court the specified amount, said sheep shall be sold.

To sections 942, 943, 944, 945 and 949 of the Code of Civil Procedure we must look for the solution of this question. Section 942 of the Code of Civil Procedure deals with a judgment directing the payment of money. That is not the situation here. Section 944 relates to a judgment directing execution of a conveyance, etc. Section 945 is concerned with real property. This case cannot fall within the provisions of section 949 of the Code of Civil Procedure, which relates to perishable property, for the court has not predicated its order upon the ground that the property is perishable. (*Zappetini* v. *Buckles,* 169 Cal. 27 [138 Pac. 696].) This leaves for consideration section 943 of the Code of Civil Procedure, which deals with the assignment or delivery of documents or personal property and is the section upon which respondent relies. An examination, however, of that section does not seem to bear out the construction that respondent attempts to find in it. Section 943 of the Code of Civil Procedure reads in part as follows:

"If the judgment or order appealed from direct the . . . delivery of . . . personal property, the execution of the judgment or order cannot be stayed by appeal unless the things required to be . . . delivered be placed in the custody of such officer or receiver as the court may appoint, or unless an undertaking be entered into on the part of appellant . . . to the effect that the appellant will obey the order of the appellate court upon the appeal."

It will be noted that the section is dealing with the converse of the situation here involved. If the appellant here were in possession of the personal property in litigation, then he would be required to deliver that property into the custody of the officer designated by the court or enter into an undertaking that he would obey the order of the appellate court upon appeal.

Here appellant is not in possession of any of the property in question, and could not on demand or otherwise, being out of possession, deliver the property to anyone. The pur-

pose of the undertaking is to protect the respondent, and here respondent, having possession of the subject of the suit, is not in jeopardy of losing what he already has and can comply with any order of the court, so the requirement of a bond is unnecessary.

Somewhat analogous is an appeal by a pledgor from a judgment foreclosing a pledge of personal property and directing a sale of the pledged property, which stays all proceedings on the judgment without the necessity of a stay bond. (*Rohrbacker* v. *Superior Court*, 144 Cal. 631 [78 Pac. 22].)

The conclusion must therefore be that the case before the court does not fall within the provisions of the sections cited and that the writ should issue.

It is so ordered.

Thompson, J., and Plummer, J., concurred.