[L. A. No. 14609.   In Bank.—January 22, 1935.]

C. C. JULIAN, Plaintiff, v. W. A. SCHWARTZ et al., Defendants and Appellants; L. V. REDFIELD et al., Cross-Complainants and Appellants; BARNHART-MORROW, CONSOLIDATED (a Corporation) et al., Respondents.

Hanna & Morton and Fredericks, Hanna & Morton for Defendants and Appellants.

Olson & Olson and J. W. Falkner for Cross-Complainants and Appellants.

Simpson & Simpson, Hunsaker & Cosgrove, Hyams & Himrod, Hunsaker, Moote & Longcroft, Dunlap & Larwill, Moote & Longcroft, Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

THE COURT.—Applications for writs of *supersedeas*. A similar application was made by the appellants L. V. Redfield, F. E. Foster and H. A. Penn, and denied on July 11, 1934, without prejudice, as being premature. (*Julian* v. *Schwartz*, 1 Cal. (2d) 269 [34 Pac. (2d) 487].) On July 23, 1934, the court made the special order after final judgment, as anticipated prior to the first application, directing the trustees to pay impounded moneys in stated amounts to the parties and to surrender possession of oil well property to certain of them as their interests appeared and were settled by the judgment from which appeals have been taken. The interests so settled were the proportionate interests of the parties in and to the oil properties involved and the proceeds from the production thereof. Redfield, Foster and Penn on their own behalf and as managing agents and trustees for holders of certain participating oil agreements and equitable owners of interests in production, also appealed from certain portions of the special order after judgment, and W. A. Schwartz appealed from the remaining portions thereof. Redfield, Foster and Penn now renew their application for a writ of *supersedeas* and Schwartz has applied for a like stay as to the items in the order to which he takes exception.

In its order directing the payment of money the trial court provided that in the event an appeal be taken from the order or any part thereof by any party, the order might be stayed by any such appellant by furnishing a bond in double the amount directed to be paid by the particular portions of the order appealed from; and that the portion of the order directing the delivery of possession might be stayed by any appellant by furnishing a bond in an amount to be fixed by the court.

The portions of the order requiring payment and from which Redfield, Foster and Penn have appealed, require the payment of about $200,000. The stay bond required by the order would therefore be approximately $400,000, an amount which the appellants contend is exorbitant and beyond their ability to furnish, and that in any event no stay bond should be required. It is pointed out that the order requires the payment of $149,852.13 to Barnhart-Morrow, Consolidated, a corporation controlled and almost

wholly owned by J. A. Smith, one of the trustees, and that no damage could be suffered by him in requiring him to hold the fund over which he has control as trustee pending a determination of the rights of the parties on the appeal from the judgment and order. The order for possession requires delivery also to Barnhart-Morrow, Consolidated, and it is urged by the petitioners herein that since the owner of Barnhart-Morrow, Consolidated, is in possession and control and is operating the properties in conjunction with his cotrustee (and each trustee is under a $25,000 bond), no harm can come to either the corporation or the owner thereof pending the appeal.

It is conceded by some of the respondents and not denied by any others that the oil properties are being safely and economically operated and that the funds are being deposited in financially sound banks in interest-bearing deposits, except a small drawing account for operating expenses.

The only damage which the respondents are able to indicate by reason of the stay of the order is the difference between the interest which the time deposits draw and the interest which they might obtain by some other form of investment. On the showing made we see no opportunity for the respondents to suffer any substantial damages pending a determination of the appeals from the judgment and order, and we conclude that their interests are adequately protected in the meantime without the requirement of an undertaking.

Let the writ of *supersedeas* as to each application issue as prayed.

Rehearing denied.