[L. A. No. 17043.   In Bank.—August 3, 1939.]

In the Matter of the Estate and Guardianship of BARTOLO-MEO MORRO, an Incompetent Person. MARTHA MORRO et al., Appellants, v. DOMINIC MORRO et al., Guardians, etc., Respondents.

Dan M. Critchley and J. M. Hodgson for Appellants.

Ralph W. Evans and Alan G. Campbell for Respondents.

SHENK, J.—This is a petition for a writ of *supersedeas* to stay the enforcement of an order directing execution and delivery by the appellants of a certain grant deed pending appeal from said order.

On September 30, 1937, Dominic Morro applied to the Superior Court in Los Angeles County for the appointment of himself as guardian of the person and estate of Bartolomeo Morro, an alleged incompetent. His petition showed that the alleged incompetent's estate consisted of two parcels of land in the county of Los Angeles and one parcel in Tulare County, title to which was held in the name of Martha Morro, a daughter of the incompetent, and that said Martha Morro also had in her possession the sum of $3,250 belonging to the incompetent; that there were pending in the Superior Court of Los Angeles County two actions, Nos. 420565 and 420568, brought by Bartolomeo Morro as plaintiff against Martha Morro, whereby he sought to recover title to the real property and a judgment for the moneys hereinabove mentioned.

Martha Morro and another daughter, Madeline Rowe, contested the appointment sought by Dominic Morro. The matter was heard before the court sitting in probate.

On October 25, 1937, a minute order was entered declaring Bartolomeo Morro incompetent and the owner of the real and personal property referred to, and appointing Mrs. Madeline Rowe and Albert Morro guardians of the estate of the incompetent, and Dominic Morro guardian of his person. Pursuant to stipulation the court also ordered guardians Madeline Rowe and Albert Morro to accept on behalf of the

incompetent an offer to transfer $2,400 cash and deeds to the three parcels of real property to be executed by Martha Morro and Madeline Rowe.

On December 23, 1937, an order appointing the persons named as guardians was entered. That order incorporated the foregoing provisions of the minute order and directed conveyance of the real property and delivery of the sum of $2,400 by Martha Morro and Madeline Rowe.

Subsequently, Martha Morro moved to set aside the order of December 23, 1937; but the motion was denied on the ground that the order was a consent decree.

On June 2, 1938, the court granted the application of Dominic Morro and Albert Morro as guardians for an order compelling compliance with the order of December 23, 1937. Finally, upon application of the guardians, the court on September 29, 1938, made its order directing the manner of compliance with its order of December 23, 1937, namely, that said Martha Morro and Madeline Rowe execute a grant deed of the property involved running to "Bartolomeo Morro, an incompetent", as sole grantee, and that they deliver the same to Albert Morro as guardian of the incompetent's estate. Martha Morro and Madeline Rowe have appealed from the order of September 29, 1938, on the ground that the court had no power to compel compliance with its order of December 23, 1937, which, it is contended, was beyond its jurisdiction and void.

Subsequently and in December, 1938, upon the application of Albert Morro, the superior court issued its order directing Martha Morro and Madeline Rowe to show cause why a commissioner should not be appointed to execute the grant deed conveying said real property to the incompetent and deliver the same to Albert Morro as such guardian. It is the foregoing order which the appellants are seeking to have stayed pending their appeal from the order of September 29, 1938.

The appellants have not complied with section 944 of the Code of Civil Procedure which provides: "If the judgment or order appealed from, direct the execution of a conveyance or other instrument, the execution of the judgment or order cannot be stayed by the appeal until the instrument is executed and deposited with the clerk with whom the judgment or order is entered, to abide the judgment of the appellate court."

The question of the validity of the order of September 29, 1938, or of the order of December 23, 1937, is not of concern on this application. That question will be considered with the merits of the appeal.

The appellants have presented no good reason why they have not complied with the requirements of said section 944. The writ of *supersedeas* will issue only where a stay is not provided by statute, or, if a statutory stay be provided, sufficient reason appears why the appellants have not perfected the stay in accordance therewith. (*Segarini* v. *Bargagliotti,* 193 Cal. 538 [226 Pac. 2] ; *Foster* v. *Fernandes,* 200 Cal. 274 [252 Pac. 726] ; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161] ; *Julian* v. *Schwartz,* 2 Cal. (2d) 280 [40 Pac. (2d) 818].) In this case the appellants' failure to comply with the applicable statutory requirement is not shown to be excusable. In such a case the writ will be denied. (*Willis* v. *Paul,* 116 Cal. App. 733 [3 Pac. (2d) 339].)

The writ is denied and the order to show cause heretofore issued is discharged.

Edmonds, J., Curtis, J., and Houser, J., concurred.