[Civ. No. 24112. Second Dist., Div. One. Nov. 4, 1959.]

ABRAHAM M. GROSS, Petitioner, v. BEATRICE G. GROSS, Respondent.

N. E. Youngblood for Petitioner.

Leonard Horwin for Respondent.

SHEA, J. pro tem.*—The writ is sought to stay the enforcement of an interlocutory decree of divorce. The petitioner is the husband and the respondent is the wife.

After a lengthy and bitterly contested trial the court granted an interlocutory decree to the wife on the grounds of adultery and cruelty. The husband was denied any relief on his cross-complaint. Among other things the decree ordered the husband to pay to the wife forthwith; (1) $48,035.57, the wife's share of community property, (2) $2,000 accountant's

*Assigned by Chairman of Judicial Council.

fee for services rendered in connection with the action, (3) $3,200 for investigation services in connection with the action, (4) $21,250 attorneys' fees for the representation of the wife in the action, and (5) $500 per month alimony.

The decree divides the community property of the parties and awards to the wife as her separate property shares of stock in various companies and certain percentage rights in the profits of several business enterprises. It also distributes certain properties to the husband as his separate property. In addition to the division of the community property the decree declares certain properties of the parties to be the separate property of the respective spouses. Included in this classification are 5,253 shares of stock in Century Properties, Inc. As to this stock the court decreed that each of the parties is the owner of an undivided one-half interest.

The decree directs each of the parties to execute and deliver all papers necessary to transfer title in accordance with the decree.

In addition to defining the status of the various items of property and making a division thereof, the court specifically declared that the wife should have a lien upon the property of the husband to secure the payment of the moneys heretofore mentioned.

After notice of appeal was filed, two orders to show cause were brought before the court for hearing. One, *in re* contempt, was brought by the wife; the other, *in re* modification of the decree, was brought by the husband. They came on for hearing at the same time. The contempt was dismissed for lack of proof of ability on the part of the husband to comply, and the application for modification of the interlocutory decree was denied for the reason that the trial court lacked jurisdiction because of the pending appeal.

Shortly thereafter, the husband was served with an order to show cause, a temporary restraining order and a request for appointment of a receiver, seeking to compel the husband to deliver the stock in Century Properties, Inc., either to the clerk of the court or to a receiver. At the same time the husband was served with a summons and complaint in another action brought by the wife to partition the Century Properties, Inc., stock. In the partition action, an order to show cause was issued for a preliminary injunction and for the appointment of a receiver. Both of these orders to show cause were set for hearing on the same day. The husband then applied

to this court for this writ to stay both hearings pending this appeal. A temporary stay was granted by this court pending the determination of this petition.

In his petition the husband recites at length of his impoverished financial condition and argues that it is utterly impossible for him to pay the sums ordered by the court. Although the only matters presently pending in the trial court appear to be the orders to show cause having to do with the stock in Century Properties, Inc., this petition for writ of supersedeas, and the prayer thereof, seeks to stay any and all attempts by the wife to enforce the interlocutory decree.

The declaration and response of the wife is an equally lengthy discourse devoted to pointing out that her husband is an adulterer, a liar and a thorough scoundrel and from this she reasons that his petition for this writ of supersedeas is not brought in good faith.

█ "The writ of *supersedeas* will issue only where a stay is not provided by statute, or, if a statutory stay be provided, suffcient reason appears why the appellants have not perfected the stay in accordance therewith." (*Guardianship of Morro,* 14 Cal.2d 134, 137 [92 P.2d 1012].) █ Except for the bare statement that he "has no money with which to obtain a statutory stay" the petitioner has not shown sufficient reason why he has not availed himself of the stay which is available to him upon the filing of an undertaking as provided in sections 942 and 943 of the Code of Civil Procedure.

Insofar as the interlocutory decree orders the husband to pay money, he can stay enforcement of the judgment by securing and filing an undertaking as provided in section 942, Code of Civil Procedure. (*Smith* v. *Smith,* 201 Cal. 217 [256 P. 419]; *McAneny* v. *Superior Court,* 150 Cal. 6 [87 P. 1020].)

The shares of stock and the percentage rights are personal property. Insofar as the judgment directs the husband to deliver these over to the wife, the judgment can be stayed by complying with section 943, Code of Civil Procedure. (*Beverly* v. *Guerin,* 64 Cal.App. 775 [222 P. 834].)

█ As has been heretofore pointed out, the petitioner also seeks to stay the pending proceedings in the partition action. █ It is elementary that supersedeas will only lie where an appeal is pending, as an aid to the exercise of appellate jurisdiction. (*Solomon* v. *Solomon,* 110 Cal.App.2d 660,

662 [243 P.2d 556].) Since the partition action is not on appeal, supersedeas is not available as to that action.

The temporary stay order heretofore granted is vacated. The writ of supersedeas is denied.

Lillie, Acting P. J., concurred.