[Civ. No. 6576.   Fourth Dist.   June 29, 1961.]

SANDELL, INC. (a Corporation), Respondent, v.
JOHN B. BAILEY, Appellant.

Kimble, Thomas, Snell, Jamison & Russell and Burke & La Rue for Appellant.

Rowell, Lamberson & Thomas for Respondent.

GRIFFIN, J.—Plaintiff and respondent Sandell, Inc., a corporation, brought an action in the Superior Court of Fresno

County against defendant, appellant and petitioner herein, John B. Bailey, upon a promissory note executed by him in the sum of $50,000. It was given for a loan by plaintiff Sandell, Inc., to Bailey, with an option to purchase stock of the Cleary Oil Company, Ltd., a corporation in which defendant and Victor I. Sandell were stockholders. All stockholders executed their preemptive rights. Bailey delivered to Sandell, as trustee, 5,000 unendorsed shares of corporate stock by way of pledge to secure the payment of said note. Petitioner alleges said stock, at that time, was valued at $50 per share. Sandell was given an option to personally purchase 1,500 shares for $10.50 per share. This option was exercised in December of 1955. There still remains a balance of 3,500 shares pledged as security for the loan.

In filing the complaint on the note in this action, plaintiff did not seek to foreclose on said pledge and did not allege said stock had depreciated in value or became worthless. The defense was that the loan was usurious and that the note, by its terms, was not due.

The court rendered a judgment against defendant in the sum of $50,000, plus interest and attorney's fees, totaling $70,753.53, plus costs of $183.85. No mention was made in the findings or judgment in reference to the pledged stock. Defendant appealed from the judgment.

It is now argued, on this petition, that under Code of Civil Procedure, section 942, to stay execution on a money judgment, petitioner and appellant would be required to post a written undertaking in double the amount of the judgment, under Code of Civil Procedure, section 1056, or by posting an undertaking in one and one-half times that amount, if posted by a corporate security. It is argued that the cost of such bond would be prohibitive and that this court should take this fact into consideration, together with the fact that plaintiff still holds the securities, and fix an undertaking commensurate with these facts. (Citing *Julian* v. *Schwartz*, 2 Cal.2d 280 [40 P.2d 818]; *Rohrbacher* v. *Superior Court*, 144 Cal. 631 [78 P. 22]; *Cunningham* v. *Reynolds*, 133 Cal.App. 148 [23 P.2d 837].)

The petition, as well as the return, indicates that the value of the stock ranged from no demonstrable or market value at all up to $50 per share. The trial court found the stock, at no time, had a value in excess of $10.50 per share. On the hearing of the order to show cause in this court, plaintiff

offered to return to defendant the unendorsed 3,500 shares of stock. Defendant refused.

The first question presented is: Does this court have the jurisdiction to now reduce the undertaking required by statute? In *Gross* v. *Gross*, 175 Cal.App.2d 89 [345 P.2d 555], it was held that a writ of supersedeas will issue only where a stay is not provided by statute, or, if a statutory stay be provided, sufficient reason appears why appellant has not perfected the stay in accordance therewith. See also *Guardianship of Morro*, 14 Cal.2d 134, 137 [92 P.2d 1012].

In *Segarini* v. *Bargagliotti*, 193 Cal. 538 [226 P. 2], it was held that an appellant is not entitled to a writ of supersedeas as a matter of right, but it may properly, in the exercise of a sound discretion, be granted him upon such terms as will be just and will adequately protect the rights of the respondent. In *Nonpareil Mfg. Co.* v. *McCartney*, 143 Cal. 1 [76 P. 643], involving a money judgment, it was held that where the appellant filed the statutory undertaking to stay proceedings pending the appeal, but through a mistaken method of procedure, failed to have the sureties justify when required, and as a result two stay bonds were disapproved by the clerk, the proceedings were not thereby stayed; yet, good faith being shown, a new stay bond will be permitted to be filed in this court, when approved by the superior judge upon notice, and a supersedeas will be granted. We conclude that the jurisdiction to grant supersedeas in this court lies under a proper showing. (*Hill* v. *Finnigan*, 54 Cal. 493.)

It has been held that the bare statement that an appellant "has no money with which to obtain a statutory stay" is not a sufficient reason why he has not availed himself of the stay. (*Gross* v. *Gross*, *supra*, 175 Cal.App.2d 89, 91.)

It is true that a pledgee may sue on the obligation without foreclosing on the pledged property. (*Journigan* v. *Stenzel*, 14 Cal.App.2d 484, 487 [58 P.2d 738].) Likewise, it is not necessary that a judgment contain provisions relating to the return of pledged stock. (*Bank of America etc. Assn.* v. *Schumacher*, 6 Cal.App.2d 651 [45 P.2d 239].)

Since it appears that plaintiff and respondent now holds 3,500 shares of pledged stock, which is subject to execution on this judgment, if affirmed, we are of the opinion that it would be reasonable to accordingly reduce the amount of the undertaking required. This stock, figured at a value of $10.50 per share, would amount to $36,750. At least a portion of this credit should be taken into account in fixing the amount

of the undertaking in this proceeding. We conclude that it would be reasonable to fix the undertaking at $100,000 if executed by two or more sureties, or $75,000 if given by a corporate surety.

It is ordered that the petitioner be allowed, within 20 days from and after this decision becomes final or sooner, to file an undertaking in this court in due form in the sum of $100,000 if given by two or more sureties or $75,000 if given by a corporate surety for a stay of proceedings during the appeal, upon the following conditions: Such undertaking and the sureties thereon shall be approved by a judge of the superior court in which this action was tried, and petitioner shall give to respondent at least three days' notice of the time when such undertaking shall be presented to said judge for his approval. Upon the filing of such undertaking in this court, approved by said judge, within the time above mentioned, the order of this court hereinabove made staying proceedings until the further order of this court shall be and remain in force during the pendency of the appeal; but in the event that such undertaking be not filed herein within said time, the said former order of this court shall be considered as revoked and this proceeding discharged, unless good cause otherwise appears. See *Nonpareil Mfg. Co.* v. *McCartney, supra,* 143 Cal. 1, 3.

Writ conditionally granted.

Shepard, J., and Coughlin, J., concurred.