[Civ. No. 47332. Second Dist., Div. Five. Dec. 6, 1976.]

RALPH HEIN, Plaintiff and Appellant, v.
HIGHLANDS INSURANCE COMPANY OF HOUSTON, TEXAS,
Defendant and Respondent.

628

**COUNSEL**

Harold Kippen for Plaintiff and Appellant.

Paul Caruso and Robert E. Baron for Defendant and Respondent.

## OPINION

**ASHBY, J.**—Plaintiff Ralph Hein brought this action to recover damages on an undertaking given by defendant Highland Insurance Company pursuant to Code of Civil Procedure section 917.2. The trial court sustained defendant's demurrer to the first amended complaint, holding that plaintiff failed to state facts sufficient to constitute a cause of action, and entered judgment of dismissal. Plaintiff appeals.

An interlocutory judgment of dissolution of marriage between Ida Hein and August Hein, plaintiff's assignor, was entered February 7, 1973. The judgment directed Ida to transfer to August a number of shares of stock in various corporations, having a market value on that date of $14,561. Ida appealed the interlocutory judgment. In order for Ida to obtain a stay of enforcement of the judgment pending appeal, defendant gave an undertaking pursuant to Code of Civil Procedure section 917.2.[1]

On July 15, 1974, the remittitur from the Court of Appeal affirming the judgment was filed. On September 26, 1974, Ida delivered the stocks to plaintiff, August's assignee. The market value of the stock on that date was $7,803.

■ Plaintiff contends that the trial court erred in holding that the decline in market value of the stock is not recoverable as damages under

[1]Code of Civil Procedure section 917.2 provides: "The perfecting of an appeal shall not stay enforcement of the judgment or order of the trial court if the judgment or order appealed from directs the assignment or delivery of personal property, including documents, whether by the appellant or another party to the action, or the sale of personal property upon the foreclosure of a mortgage, or other lien thereon, unless an undertaking in a sum and upon conditions fixed by the trial court, is given that the appellant or party ordered to assign or deliver the property will obey and satisfy the order of the reviewing court, and will not commit or suffer to be committed any damage to the property, and that if the judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered to such property and the value of the use of such property for the period of the delay caused by the appeal. The appellant may cause the property to be placed in the custody of an officer designated by the court to abide the order of the reviewing court, and such fact shall be considered by the court in fixing the amount of the undertaking. If the judgment or order appealed from directs the sale of perishable property the trial court may order such property to be sold and the proceeds thereof to be deposited with the clerk of the trial court to abide the order of the reviewing court; such fact shall be considered by the court in fixing the amount of the undertaking."

Both the undertaking given by defendant and the complaint in this case erroneously designated the pertinent statute as Code of Civil Procedure section 917. No such code section currently exists.

section 917.2. We agree. The issue presented is whether the decline in value of the property falls within the statutory language "that the appellant or party ordered to assign or deliver the property will obey and satisfy the order of the reviewing court, and will not commit or suffer to be committed any damage to the property, and that if the judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered to such property and the value of the use of such property for the period of the delay caused by the appeal. . . ."

In 1968, title 13 (commencing with § 901) of part 2 of the Code of Civil Procedure, relating to appeals and stays on appeal, was substantially revised by legislation proposed by the State Bar of California. The revision consisted principally of simplification and recodification of existing statutes, but also made some substantive changes. (43 State Bar J. 742 (1968); 41 State Bar J. 739 (1966).) Section 917.2 was a part of that enactment. (Stats. 1968, ch. 385, § 2, p. 817.) However, certain significant amendments were made in 1972, which added the specific language on which plaintiff relies. (Stats. 1972, ch. 546, § 2, p. 936; 4 Pacific L.J. 312-313 (1973).) Under the 1968 version, the appellant could obtain a stay of enforcement of a judgment or order directing the assignment or delivery of personal property, *either* by placing the property in the custody of an officer designated by the court *or* by furnishing an undertaking. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 157, p. 4152; Cal. Civil Appellate Practice (Cont.Ed.Bar 1966) § 8.31; Cal. Surety and Fidelity Bond Practice (Cont. Ed. Bar 1969) § 26.17.) Furthermore, the specified condition of the undertaking was merely "that the appellant or party ordered to assign or deliver the property will obey the order of the reviewing court." (Stats. 1968, ch. 385, § 2, p. 817.)

The 1972 amendment eliminated the alternative procedure for obtaining a stay, and mandated an undertaking.[2] The 1972 amendment also added the language quoted concerning the conditions of the undertaking. (4 Pacific L.J. 312-313 (1973).)

The parties have directed us to no California case construing this language.[3] The parties rely upon out-of-state authorities which discuss

[2]The 1972 version permitted the appellant to place the property in the custody of an officer designated by the court, but such act was merely a fact to be considered by the trial court in fixing the amount of the undertaking.

[3]The surety's obligation is determined by the statute. The undertaking in this case expressly incorporated the "statutory obligations."

the different policy considerations involved. The basic argument for plaintiff is that plaintiff was entitled to possession of the stocks at the time of the entry of the interlocutory judgment, which was thereafter affirmed on appeal, and that plaintiff was wrongfully restrained by the stay pending appeal from using or disposing of the stock in the manner he saw fit. Therefore the decline in the value of the stock pending appeal is an element of damage for which defendant and its principal should be held liable. If someone is to bear the risk of decline in the value of the property pending appeal, it should be the party who created the problem by obtaining a stay of enforcement of the judgment and pursuing a nonmeritorious appeal. This position is supported by *Price* v. *Rome* (Fla.App. 1970) 237 So.2d 835, 836, and *Bemiss* v. *Commonwealth* (1912) 113 Va. 489 [75 S.E. 115, 116-117]. (See 5B C.J.S., Appeal and Error, § 2072(3), p. 713.)

The argument for defendant is that the value of the stock would have declined even if it had been delivered to plaintiff at the time of the interlocutory judgment. Plaintiff could only have avoided the loss by disposing of the stock before the decline. What plaintiff would have done with the stock had it been timely delivered to him is a matter of speculation, and speculative damages cannot be awarded. This position is supported by *Sotak* v. *Sotak* (Ky. 1969) 438 S.W.2d 490, 492, and *All Florida Surety Company* v. *Vann* (Fla.App. 1961) 128 So.2d 768, 770. Defendant points out that two of the other cases cited by plaintiff, *Welch* v. *Welch* (1899) 106 Ky. 406 [50 S.W. 687, 688], and *Kansas Bitulithic Paving Co.* v. *U.S. Fidelity & Guaranty Co.* (1910) 81 Kan. 596 [106 P. 45], are distinguishable as cases where the trial judgment had *directed the sale* of the property or the respondent had a definite arrangement to sell the property.

Our review of these cases suggests three possible alternatives: (1) that plaintiff is entitled to recover for the decline in market value without having to introduce proof that he would have avoided the decline by selling the stock had it been timely delivered to him; (2) that plaintiff's right to recover should depend upon whether he makes such proof at trial, or (3) that such proof would so inherently involve speculation that a cause of action for recovery of such damages should not be allowed. We think alternative No. (1) is the appropriate one.

Alternative No. (1) renders meaningful the 1972 amendments to section 917.2. Prior to that amendment the section merely required the

appellant to deliver the property to a court custodian or to give an undertaking that he would obey the order of the reviewing court. The changes in the statute are consistent with a legislative belief that the prior procedure gave insufficient protection to the respondent in the event of a decline in the value of the property pending appeal.

Defendant argues that the 1972 amendment to another statute, Code of Civil Procedure section 917.9, supports its interpretation. Section 917.9 gives the trial court discretion to require an undertaking to obtain a stay of enforcement of the judgment or order in cases not provided for in sections 917.1 through 917.8. The 1968 version of section 917.9 required as a condition of the undertaking that "the appellant will pay all damages which the respondent may sustain, by the taking of such appeal, . . ." (Stats. 1968, ch. 385, § 2, p. 819.) The 1972 amendment changed this to read: "[T]he appellant will pay all damages which the respondent may sustain by reason of such stay in the enforcement of the judgment"; and further added that "[f]or the purpose of this section, 'damages' means reasonable compensation for the loss of use of the money or property." A comment in 4 Pacific L. J. 315, states: ". . . This change is intended to make it clear that the 'damages' that may be awarded are damages for the loss of the use of the property pending appeal. . . . The word 'damages' thus is to be narrowly construed and is not, for example, intended to include attorneys' fees on appeal or damages from inability to dispose of the property pending appeal." The authority cited by that commentator is a personal interview with a legislative representative of the State Bar of California. (*Id.* at p. 312.) ■ Defendant argues that plaintiff's loss in this case was "from his inability to dispose of the property pending appeal" and that this comment should apply equally to section 917.2. We are not persuaded. The definition in section 917.9 is expressly stated to be "[f]or the purpose of this section . . . ." The amendments to section 917.2 use broader language, which specifically provides that "the appellant . . . will not commit or suffer to be committed any damage to the property," and "shall pay the damage suffered to such property *and* the value of the use of such property for the period of the delay caused by the appeal. . . ." (Italics added.)

■ Finally, we think alternative No. (1) the fairest option. Granting that plaintiff might not have disposed of the property in time to avoid the loss, the fact remains that solely because of the appeal and the stay of enforcement pending the appeal, plaintiff was deprived of any power to attempt to protect his economic interests in that manner. The affirmance

of the interlocutory judgment on appeal shows that plaintiff was entitled to delivery of the property at the time of the interlocutory judgment. The stay of enforcement inherently involved a risk of a decline in value of the property pending appeal. That risk should be borne by the party who appealed and her sureties, not by plaintiff, who was wronged by the stay.

The judgment is reversed.

Kaus, P. J., and Stephens, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 3, 1977.