[No. F014091. Fifth Dist. Nov. 27, 1990.]

ALLEN R. GRANT et al., Petitioners, v.
THE SUPERIOR COURT OF STANISLAUS COUNTY,
Respondent;
BANK OF AMERICA et al., Real Parties in Interest.

COUNSEL

Sullivan, Walsh, Rossbacher & Wood and Tracy W. Young for Petitioners.

No appearance for Respondent.

Weil & Walters, C. Richard Walters, Diepenbrock, Wulff, Plant & Hannegan, William B. Shubb, William J. Coyne, Meyer & Mitchell, Debra Hayes, Gregory Scott Spencer, Winslow Christian and Michael J. Halloran for Real Parties in Interest.

OPINION

ARDAIZ, J.—The issue raised by this petition is whether a respondent on appeal may request the trial court to increase an undertaking posted to stay enforcement of a judgment pursuant to Code of Civil Procedure section 917.1.[1] The parties do not dispute that the original undertaking in the statutory sum of one and one-half times the amount of the judgment was

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

posted properly. Respondent contends that where the undertaking is, or may be, insufficient due to compilation of interest during pendency of appeal the trial court may, upon proper application, increase the amount of the undertaking. The trial court so found.

Petitioners have sought a writ of prohibition in this court upon which we granted a stay. They do not challenge the trial court's finding that the bond had in fact become insufficient, or the exercise of discretion in determining what amount would be sufficient. Rather, petitioners challenge the power of the court upon a finding of insufficiency to order a modification of the amount of the bond which exceeds the original bond of one and one-half times the judgment posted pursuant to section 917.1. We reject petitioners' claim, deny the petition for writ of prohibition and dissolve the stay.

Petitioners Allen R. Grant, Carolyn M. Grant and Grant Construction Company currently are appealing a judgment entered against them in favor of Bank of America, James C. Brooks, Continental Paragon Corporation, and Brett Speer, real parties in interest. On August 26, 1988, the superior court entered judgment against petitioners. The total amount of the judgment, costs and attorney's fees was approximately $2,087,345.

In order to stay enforcement of the judgment pending appeal, petitioners gave two undertakings, one for $1,750,000 and another for $1,381,020, totalling $3,131,020. The undertakings were given by an admitted surety insurer, Aetna Casualty and Surety Company. The undertakings comported with the requirements of section 917.1 which provides that, in order to stay enforcement of a money judgment pending appeal, an undertaking by an admitted surety for one and one-half times the amount of the judgment, including costs, must be given.

In April of 1990 real party Bank of America filed a motion requesting an increase in the amount of the undertaking. Bank of America claimed that the unusual passage of time while the case was pending appeal justified increasing the amount of the undertaking. Other real parties joined in the motion.

Petitioners opposed the motion. On May 2, 1990, petitioners filed a motion in the trial court for a decrease in the amount of the undertaking, citing its settlement with one of the parties below. This motion was opposed by real parties.

On May 11, 1990, the court heard both motions. The court initially indicated that its tentative ruling was to deny both motions.

Petitioners presented evidence of their settlement with one party and that the amount of that portion of the judgment was approximately $140,000. Based on this settlement, petitioners requested a decrease in the undertaking by $210,000.

Real parties argued that almost two years had passed since the entry of judgment, and postjudgment interest, costs on appeal and attorney's fees were mounting. Postjudgment interest at the statutory rate of 10 percent per annum totalled almost half a millon dollars. At the time of the hearing, appellants' opening brief was not yet filed in the appeal. Real parties argued that, even if the appeal proceeded at a normal pace from that point forward, the amount of the undertaking could be inadequate to cover all money due them if they succeeded on appeal.

The matter was submitted at the end of the hearing. The minute order, dated May 11, 1990, reflects the court's ruling. "After due consideration, IT IS ORDERED the Appellate Undertaking shall increase by a net of $447,512.00 within fifteen days."[2]

The order was stayed for 30 days by the trial court. The petition herein for writ of prohibition was filed on May 23, 1990. On June 13, 1990, we issued an order to show cause and stayed the May 11 order of the superior court pending determination of the petition.

## DISCUSSION

Petitioners argue the trial court could not properly consider accruing postjudgment interest, appellate costs or attorney's fees in determining whether the undertaking was sufficient. Section 917.1 provides in full:

"(a) The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action, unless an undertaking is given.

---

[2] It appears fairly certain that the amount by which the court increased the undertaking incorporated a "credit" for the settlement. Real party Brooks's attorney argued:

| | |
|---|---|
| $2,000,000. | Judgment and costs |
| 438,000. | Accrued postjudgment interest to 5/1 |
| 2,438,000. | |
| – 140,000. | Settlement amount |
| 2,298,000. | New amount |
| x 1.5 | |
| 3,578,000. | New suggested undertaking amount |
| –3,131,000. | Amount of current undertaking |
| $ 447,000. | Needed increase |

"(b) *The undertaking shall be on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order, or the part of it as to which the judgment or order is affirmed, as entered after the receipt of the remittitur, together with any interest which may have accrued pending the appeal and entry of the remittitur, and costs which may be awarded against the appellant on appeal.* This section shall not apply in cases where the money to be paid is in the actual or constructive custody of the court; and such cases shall be governed, instead, by the provisions of Section 917.2. *The undertaking shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and one-half times the amount of the judgment or order.* The liability on the undertaking may be enforced if the party ordered to pay does not make the payment within 30 days after the filing of the remittitur from the reviewing court.

"(c)  If a surety on the undertaking pays the judgment, either with or without action, after the judgment is affirmed, the surety is substituted to the rights of the creditor and is entitled to control, enforce, and satisfy the judgment, in all respects as if the surety had recovered the judgment.

"(d)  Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying subdivisions (a) and (b)." (Italics added.)

Petitioners emphasize the language in subdivisions (b) and (d) of section 917.1 limiting the calculation of the amount of the undertaking to the amount of the judgment, including costs awarded by the trial court. Petitioners argue these limits are absolute; the trial court is statutorily restricted from considering any other money which might be due respondent should the appeal fail when assessing the adequacy of the undertaking.

We conclude petitioners take too narrow a view of section 917.1. The statute is clearly designed to protect the judgment won in the trial court from becoming uncollectible while the judgment is subjected to appellate review. (See *Cunningham* v. *Reynolds* (1933) 133 Cal.App. 148, 150-151 [23 P.2d 837].) A successful litigant will have an assured source of funds to meet the amount of the money judgment, costs and postjudgment interest after postponing enjoyment of a trial court victory.

Petitioners' proposed limitation on the court's power ignores the condition for the undertaking set out in section 917.1. Subdivision (b) of section 917.1 clearly states that the undertaking may be used to satisfy not only the

amount of the judgment and costs accrued below, but also postjudgment interest and costs awarded on appeal. Thus, concurrence with petitioners' argument would accept that a statute whose purpose was to assure collection of the money judgment, accrued interest and costs upon remittitur, prescribes a limit to the protection. In effect, if due to passage of time, delay or other reasons, the appeal languished unresolved, the mounting interest to which respondent is legally entitled would not be assured. With a judgment debtor in conceivable financial straits, and the accrued interest exceeding the amount of the undertaking, success on appeal might well result in a Pyrrhic victory.

Petitioners would have us read this portion of section 917.1, subdivision (b)—conditioning the undertaking on payment of postjudgment interest and appellate costs as well as the judgment—as being incorporated into every appellate undertaking, obligating the surety to pay such inchoate amounts apparently regardless of the face amount of the undertaking. This being so, petitioners argue the court need not concern itself with the amounts of postjudgment interest or costs accruing. Further, they claim in particular the undertaking here "in its own terms requires the surety to pay accrued interest and costs."

Pursuant to this court's order to show cause, petitioners furnished us with copies of the undertakings given below.

The submitted undertakings do not provide explicitly for the payment of postjudgment interest and appellate costs. They recite that appellants desire to give an undertaking for appeal "as provided by Section 904.1 C.C.P." The surety then recites that it will "obligate itself, jointly and severally, to [real parties] under said statutory obligations in the sum of, . . ." Then each undertaking provides separately the amount of the undertaking in dollars followed by the word "ONLY."

We find no factual basis to imply a term in the undertakings that Aetna will pay to real parties all allowed postjudgment interest and appellate costs, as well as the judgment amount, even if this amount exceeds the stated amount of the undertakings. Further, we reject reading into all appellate undertakings as a matter of law such a term; this would alter radically the obligations between surety and obligor, leaving the ultimate obligation of the surety open-ended. The trial court did not act improperly here in finding the amount of the undertaking insufficient to cover mounting potential costs; Aetna did not agree to assure payment of interest and costs that exceeded the amount of the undertaking.

Petitioners also assert "once an order fixing the amount of a stay bond has been made and complied with, the trial court thereafter has no power to

modify its order so as to require a larger amount" and cites the California Supreme Court case of *McClintock* v. *Powley* (1930) 210 Cal. 333 [291 P. 833]. In *McClintock* the court below had been defrauded into setting the appellate bond at too low an amount. The court attempted to rectify the matter and set a higher bond but, as the Supreme Court repeatedly noted, the court failed to set aside the improper bond before so doing. (*Id.* at pp. 335, 337, 338.) Thus, emphasis must be placed on the first phrase when the court stated, "*While said order continues in full force and effect* the enforcement of the order appealed from is stayed by the express terms of the statute upon the filing of a bond in the sum fixed, and neither the trial court nor an appellate court may require additional security." (*Id.* at p. 337, italics added.) The court goes on to note that an order fixing an amount of an undertaking may be set aside for cause. (*Id.* at pp. 337-338.)

Here, real parties pursued the proper course under the current statute which amalgamated several other statutes for challenging the sufficiency of the bond or undertaking. (See 16 Cal. Law Revision Com. Rep. (Dec. 1982) p. 539.) The court's actions below satisfied current statutory procedures.

Petitioners also contend the statutory scheme, including sections 917.1, 917.2, 917.4, 917.5, 917.65, 917.9, demonstrates that discretion was given to the court to set the amount of the undertaking initially in all the statutes except section 917.1. Petitioners argue the Legislature intended to limit judicial discretion in this one area. Thus, we cannot allow the court to consider other factors in weighing the sufficiency of the undertaking.

■ In effect, petitioners argue that in assessing the sufficiency of the undertaking, the court is limited solely to the amount of the original judgment and costs existent at the time the appeal is undertaken.

Respondent maintains section 996.010 empowers the trial court, upon hearing a noticed motion, to determine that a bond "is or has from any cause become insufficient because the sureties are insufficient or because the amount of the bond is insufficient."[3] Where the court so determines, it shall

---

[3] Section 996.010 provides: "(a) If a bond is given in an action or proceeding, the court may determine that the bond is or has from any cause become insufficient because the sureties are insufficient or because the amount of the bond is insufficient. [¶] (b) The court determination shall be upon motion supported by affidavit or upon the court's own motion. The motion shall be deemed to be an objection to the bond. The motion shall be heard and notice of motion shall be given in the same manner as an objection to the bond. [¶] (c) Upon the determination the court shall order that a sufficient new, additional, or supplemental bond be given within a reasonable time not less than five days. The court order is subject to any limitations in the statute providing for the bond. [¶] (d) If a sufficient bond is not given within the time required by the court order, all rights obtained by giving the original bond immediately cease and the court shall upon ex parte motion so order."

order a sufficient new, additional or supplemental bond to be given. Therefore, respondent maintains the court is empowered by statute to increase the amount of an undertaking to address any perceived insufficiency. Respondent maintains that section 996.010 applies to section 917.1 and, thus, authorizes the court's action herein.

In 1981, the California Law Revision Commission issued its recommendation relating to statutory bonds and undertakings. The commission noted that current law provided for more than 500 different bonds and undertakings which were governed by similar but not necessarily identical procedural statutes. (6 Witkin, Cal. Procedure (3d ed. 1985) Provisional Remedies, § 5, p. 19.)

"The proliferation of procedural statutes to govern bonds and undertakings is unnecessary. The rules applicable to such matters as the manner of execution of a bond or undertaking, the number and qualifications of sureties, the giving of a new or additional bond or undertaking if the original bond or undertaking becomes insufficient, the limitation on liability of a surety to the amount of the bond or undertaking and the ability to give a cash or equivalent deposit in lieu of a bond or undertaking, are the same for all bonds and undertakings. Repetition of such procedural rules in every statute that provides for a bond or undertaking is not only wasteful and adds to the complexity and length of the statutes, but also creates the likelihood of inconsistent wording and interpretation where the rules should be the same." (16 Cal. Law Revision Com. Rep., *supra*, p. 507.)

The Law Revision recommendation was addressed by the 1982 Legislature in enactment of chapter 2 of part 2, title 14 of the Code of Civil Procedure (§ 995.010 et seq.), effective January 1, 1983. The chapter heading is titled appropriately "Bonds and Undertakings." (See 6 Witkin, Cal. Procedure, *supra*, Provisional Remedies, § 6, p. 20.)

Section 995.020 provides in pertinent part:

"(a)The provisions of this chapter apply to a bond or undertaking executed, filed, posted, furnished, or otherwise given as security pursuant to *any statute of this state*, except to the extent the statute prescribes a different rule or is inconsistent." (Italics added.)

By its terms, section 995.020 encompasses section 917.1, "except to the extent the statute prescribes a different rule or is inconsistent." (§ 995.020.) Petitioners maintain the provisions of section 917.1 providing that "[t]he undertaking shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and

one-half times the amount of the judgment or order" demonstrates a legislative intention to limit judicial discretion to set that sum.

This argument fails to distinguish between the initial setting of the bond in money judgment cases and review of the sufficiency of the bond under section 996.010. Because money judgments present no problems in computation, it is clear the Legislature felt secure in setting the ratio of the undertaking to the judgment in section 917.1. Logically, this ratio should protect litigants in the typical case. So saying does not, however, preclude the court from determining some time later under section 996.010 that the undertaking—which by the statute may be used to satisfy the judgment, postjudgment interest and appellate costs—has become insufficient. Realistically, section 996.010 reflects a commonsense view that the sufficiency of the undertaking should be assessed in light of those sums which it may be required to satisfy, not in light of the formula for initially setting the amount of the undertaking. To do otherwise ultimately would impair the ability of a successful respondent from recovering the full amount of the judgment to which it is entitled simply by virtue of the passage of time until remittitur issues.

Petitioners attempt to persuade us that sustaining the court's actions below would lead to continuous, harassing motions to increase the amount of the undertaking as postjudgment interest accrues daily. In finding the court had the right to consider the accumulation of postjudgment interest under the motion pursuant to section 996.010, we are not saying respondent is entitled to have a new undertaking which is in its aggregate one and one-half times (or two times) the amount of the judgment, and accumulated appellate costs and postjudgment interest. Rather, we find only that the amounts of such interest and costs are proper factors for the trial court to consider in ruling on a motion pursuant to section 996.010.

The purpose behind section 996.010 is to guard against a bond or undertaking failing to serve its original purpose. At least in the context here, challenging an undertaking given pursuant to section 917.1, a movant must demonstrate a real, substantial possibility, not just speculation, that the current bond "is or has from any cause become insufficient because the sureties were insufficient or because the amount of the bond is insufficient." (§ 996.010.) By its terms, a motion pursuant to section 996.010 is a noticed motion on which the parties have a right to be heard and it is treated in the same manner as an objection to a tendered bond. The trial court is in the best position to deal with baseless or frivolous motions under section 996.010.

■ Petitioners also intimate that, even if the court could consider such factors as appellate costs and postjudgment interest that exceed the amount

of the undertaking, the trial court here acted precipitously in granting relief when the evidence failed to show the amount of the original undertaking potentially was exhausted. As noted, however, they do not argue that the conclusion of insufficiency was not supported by substantial evidence. Petitioners' argument simply would draw us into factual considerations properly left to the trial court. Section 996.010 provides:

"(c)   Upon the determination the court shall order that a *sufficient* new, additional, or supplemental bond be given within a reasonable time not less than five days. The court order is subject to any limitations in the statute providing for the bond." (Italics added.)

The statute provides the limits of the court's assessment. The trial court determines whether a new bond is necessary and what constitutes a "sufficient" bond. Because the liabilities of the appellant are not certain until the end of the appeal, the court necessarily must have reasonable latitude in making its assessment. Realistically, no different consideration enters into the bond set initially pursuant to section 917.1. That bond is for one and one-half times the amount of the judgment with the excess designed to accommodate the vagaries of time attendant to an appeal. Likewise, we do not mean to imply that, just because sometime in the future the bond will become insufficient due to increasing interest, the bond can be increased before it reasonably is necessary to assure the judgment creditor of the security to which he or she is entitled.

■   Petitioners next assert excessive bonding requirements violate due process, restricting the right to appeal. As the court in *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745], noted, there is no constitutional right to an appeal and the appellate procedure is subject to statutory control and the concomitant legislative determinations of appropriate conditions or restrictions. Requiring a party who desires to contest the results of a trial to post a sufficient undertaking to cover all money which he might owe to the other should he not succeed on appeal does not offend due process.

■   Finally, petitioners dispute that appellate delays should be charged to them, resulting in the increase in the undertaking. We find nothing in the judgment of the superior court which suggests the increase was a result of the court's attempt to "punish" petitioners for prolonging the appellate process. There appears to be no statutory basis for increasing an undertaking based upon dilatory appellate tactics.

In *Hein* v. *Highlands Ins. Co.* (1976) 64 Cal.App.3d 627 [134 Cal.Rptr. 592] the dispute centered around possession of stock. Judgment was stayed

after an appellate undertaking was given. By the time the appellant lost the appeal the value of the stock had declined seriously. The court held the appellant bore the risk of loss of value of the property while the appeal was pending. (*Id*. at p. 633.) So, too, here—should the appellate process become unduly prolonged, it is appellants who should bear the risk and be required to provide security for respondent's ultimate recovery.

The petition for writ of prohibition is denied. The stay is dissolved.

Best P. J., and Martin, J., concurred.